### C. Henry Benton *vs.* John Schulte and Wife.

### December 15, 1883.

**Statute of Frauds—Contract for Assignment of Lease.**—A contract for the assignment of a lease of real estate for a term of years is within the statute of frauds.

**Same—Pleading.**—But it is not necessary to *allege* that it was in writing. It is sufficient to allege a contract generally, without stating whether it is in writing or not.

**Same—Complaint held not Vitiated by needless Averments.**—In this case the complaint sufficiently alleged the contract generally, and then added in substance that a memorandum of the contract was made in writing expressing the consideration, and signed by the duly-authorized agents of the party sought to be charged, but did not further allege the contents of the memorandum or the manner of its execution. *Held,* that while this allegation was unnecessary, yet it did not so limit or qualify the preceding allegations of the complaint as to show affirmatively that the written memorandum did not fulfil the requirements of the statute.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, sustaining a demurrer to the complaint.

*F. A. Merrill,* for appellant.

*Ueland, Shores & Holt,* for respondents.

MITCHELL, J.    This was an action to compel specific performance of a contract for the assignment of a lease of real estate for a term of years. Such a contract is clearly within the statute of frauds. Gen. St. 1878, c. 41, tit. 2, § 12. *Briles* v. *Pace,* 13 Ired. Law, 279. But it was not necessary to allege that it was in writing. The statute of frauds has not changed the rules of pleading. The writing is a matter of proof and not of allegation. In declaring on a contract which, though oral only, would have been valid at common law, it is sufficient to allege a contract generally, without stating whether it is in writing or not. Browne, Stat. of Frauds, § 505; *Walsh* v. *Katten-burgh,* 8 Minn. 99, (127.) Therefore the complaint in this case, in the first instance, sufficiently pleads the contract. But, after so doing, the pleader unnecessarily adds "that a memorandum of said contract was made in writing; that in said memorandum the consideration of the agreements and promises of defendants to be paid and performed by plaintiff was expressed, and said memorandum was then and there duly signed on behalf of defendants by Hamlin & Brown, who were then the duly-authorized agents of defendants to make said contract and sign said memorandum for defendants." It is claimed that although the former part of the pleading, if standing alone, sufficiently alleged the contract, yet what is here quoted so limited and qualified it as to affirmatively show that no sufficient memorandum was made in writing to fulfil the requirements of the statute. We do not so view it. It does not assume to state what the memorandum contained, except that it expressed the consideration and was signed by the duly-authorized agents of the party sought to be charged. It is just as if the pleader had, in the previous part of the complaint, in alleging the contract generally, added parenthetically, "of which contract a memorandum was made in writing, expressing the consideration, and signed by the duly-authorized agents of the defendants." There is nothing in this negativing the idea that this memorandum fulfilled the requirements of the statute both as to its contents and its mode of execution.

There is nothing in the second point, that the complaint shows that the action was prematurely brought, and was without equity. It alleges performance or an offer to perform on the part of plaintiff, and

a refusal to perform and a repudiation of the contract on the part of the defendants.

The order sustaining the demurrer must therefore be reversed, but we may be pardoned for adding that while this appeal is as meritorious as many that are brought to this court, yet the case is a fair sample of a large number that, in our opinion, unnecessarily occupy the attention of courts.   In the first instance, the sole excuse for interposing a demurrer was furnished by inartistic pleading on the part of plaintiff, which would have been avoided by a little attention to elementary rules.   In the next place, the defendant might better have answered and gone to trial on the merits, where every point would have been available which he sought to raise by demurrer.   And lastly, after the demurrer had been sustained, it would have been easier and speedier for plaintiff to have amended his complaint, so as to conform to the views of the court below, than to take an appeal which decides no question of value, either to the parties or to the profession generally.

Order reversed.