WILLIAM H. BURNS *et al. vs.* FIDELITY REAL-ESTATE Co.

Argued Dec. 16, 1892.   Decided Dec. 23, 1892.

52   31
f78  386

**Oral Modification of a Written Contract.**

A written contract falling within the statute of frauds cannot be varied by a subsequent oral agreement of parties; and this, whether the variation consists of adding to or subtracting from its terms.

Appeal by defendant, Fidelity Real Estate Company, a corporation, from an order of the District Court of Hennepin County, *Canty,* J., made June 14, 1892, denying its motion for a new trial.

Frank X. Ferodowill, on April 12, 1890, made a contract in writing under seal with defendant to sell and deliver to it at the corner of Thirteenth street and First Avenue South in Minneapolis, 400,000 cream-colored brick for $7 per thousand.   Of this $1,100 was to be cash; for the balance he was to receive conveyances of two lots, one at $700, the other at $1,000.   When Ferodowill had delivered 293,-000 brick and had received $805.71, the defendant stopped the delivery, refused to receive any more, saying enough had been delivered to complete the building.   It was then orally agreed between Ferodowill and E. R. Nesbitt, defendant's secretary acting for it, that it should pay him for the brick already delivered at the contract price, that he should take one of the lots for $700, and be paid the balance in cash.   On September 7, 1891, Ferodowill assigned all his claim and rights in the premises to the plaintiffs, William H. Burns and Willis R. Shaw, and they brought this action asking a conveyance of the lot, and $639 and costs.

The issues were tried January 20, 1892, before the court without a jury.   Findings were made and judgment ordered for plaintiffs for the relief they sought.   Defendant asked a new trial, and being denied, appeals.

*Boardman & Boutelle,* for appellant.

The question in dispute here is, as to the authority of defendant's secretary to modify the original contract.   The only evidence of authority was, that the agent was defendant's secretary.   This was

insufficient.  *McCullough* v. *Moss*, 5 Denio, 567;  *Dabney* v. *Stevens*, 2 Sweeney, 415;  *Farmers' Bank* v. *McKee*, 2 Pa. St. 318;  *Twelfth St. Market Co.* v. *Jackson*, 102 Pa. St. 269.

The oral contract upon which this action was based was void within the statute of frauds.  By the terms of the original contract in writing under seal between Ferodowill and defendant, the former undertook to deliver to the latter 400,000 brick and the latter agreed to pay therefor $1,100 in money and to convey two lots, one for $1,000 and the other for $700.  Before the contract was completed, defendant refused to accept the balance of the brick.  Thereupon Ferodowill agreed to settle the matter by defendant's conveying the $700 lot and paying the balance in cash.  A sealed agreement cannot be thus modified.  *Delacroix* v. *Bulkley*, 13 Wend. 71;  *Hasbrouck* v. *Tappen*, 15 John. 200;  *Allen* v. *Jaquish*, 21 Wend. 628;  *Coe* v. *Hobby*, 72 N. Y. 141.

This new oral agreement is the subject of the action and must stand or fall by itself.  To sustain the action it must be valid in itself.  *Schweider* v. *Lang*, 29 Minn. 254.

A contract within the statute cannot be modified by parol.  *Brown* v. *Sanborn*, 21 Minn. 402;  *Goss* v. *Lord Nugent*, 5 Barn. & A. 58;  *Harvey* v. *Grabham*, 5 Ad. & E. 61;  *Stead* v. *Dawber*, 10. Ad. & E. 57;  *Marshall* v. *Lynn*, 6 M. & W. 109;  *Walker* v. *Carleton*, 97 Ill. 582;  *Jevne* v. *Osgood*, 57 Ill. 340;  *Schultz* v. *Bradley*, 57 N. Y. 646.

In this case everything that was done, was done under the original contract.  There is nothing therefore to be construed as part performance of the modified agreement.  *Price* v. *Salusbury*, 14 L. T. N. S. 111, 32 L. J. Ch. 448;  *Price* v. *Dyer*, 17 Ves. 363;  *Gaines* v. *Bryant*, 4 Dana, 398.

*J. M. Hawthorne*, for respondent.

The defendant did not in its answer set up the invalidity of the parol modification of the contract under the statute of frauds and hence it can not now avail itself of that defense.

If we accept appellant's contention that the secretary of the defendant had no authority to modify or change the contract, then it is yet in force; or if we accept the other contention, that the original

contract was not modified by parol, then we have the original contract yet in force.    We do not lose all remedy because we have not demanded as much as we might have done.    *Bendernagle* v. *Cocks,* 19 Wend. 207; *Phillips* v. *Berick,* 16 John. 136; *Smith* v. *Jones,* 15 John. 229; *Farrington* v. *Payne,* 15 John. 432.

Mr. Nesbitt was the secretary of the defendant, and its general manager.    He was the person with whom Ferodowill made his contract and who had the general oversight of the erection of the building.    Sufficient is disclosed to warrant Ferodowill in assuming that Mr. Nesbitt had full authority to act for, and to bind the defendant. *Whitaker* v. *Kilroy,* 70 Mich. 635; *Eureka Iron & Steel Works* v. *Bresnahan,* 60 Mich. 332; *Tice* v. *Russell,* 43 Minn. 66.

MITCHELL, J.    The facts found by the court are that in April, 1890, Ferodowell, plaintiff's assignor, and the defendant entered into a contract in writing under seal by the terms of which the former was to sell and deliver to the latter 400,000 brick, for which the latter agreed to pay $7 per 1,000, or $2,800, payable, $1,100 in cash, and $1,700 by conveyances of two lots, one at an agreed valuation of $1,000, and the other of $700; that, pursuant to this contract, Ferodowell had delivered 293,000 of the brick, and defendant had paid him $805.71, when on July 1st defendant refused to receive any more of the brick, or to permit Ferodowell to make any further performance of the contract; that immediately thereafter Ferodowell and defendant *orally* agreed that no more brick should be delivered under the contract, and that in payment or settlement of what had been delivered defendant should convey to Ferodowell the $700 lot at that valuation, and pay him the balance due in cash; that, although demand was made before the commencement of this action, the defendant has refused to convey the lot or pay the cash.    On these facts the court held that plaintiff was entitled to a conveyance of the lot and to a money judgment for the balance due him.

The facts thus found and the relief granted are the same as alleged and prayed for in the complaint, except that in the complaint it is not alleged that the defendant refused to receive any more brick, or to permit Ferodowell to continue performance of the contract, but

merely that, "at the instance and request of the defendant, *the contract as to the further delivery of brick was abrogated,*" and then the new agreement above referred to entered into.

It seems to us that the conclusions of law arrived at by the trial court are directly in the face of the statute of frauds, (1878 G. S. ch. 41, § 12,) whether we treat the arrangement of July 1st as a *modification* of the original contract or a new contract, after breach of the former, for the settlement and payment for the brick already delivered. If it is the former, then, as the original contract fell within the statute, it could not be varied by any subsequent oral agreement. *Brown* v. *Sanborn,* 21 Minn. 402; *Heisley* v. *Swanstrom,* 40 Minn. 196, (41 N. W. Rep. 1029.) If it is the latter, it is equally within the statute, because it is a contract for the sale of lands or an interest in lands. The difficulty is not obviated by the fact that the lot, which is the subject of the "modified" or new contract, was also the subject of the original contract. The case is the same in principle as if the former had stipulated for the conveyance of an entirely different lot.

Plaintiff's counsel contends, however, that, as this parol modification or new contract is void, the original contract remained intact, and that his suit is on the original contract, from which he has merely waived or "dropped out" the provision as to the conveyance of the $1,000 lot. This is not true in fact, for he has claimed and recovered under the new oral agreement a larger money judgment than he would be entitled to under the original contract. But it is very clear that the suit is not on the original contract, but upon a new contract made out by incorporating therewith certain oral stipulations varying its terms. If counsel means by "dropped out" that some of the provisions of the original contract were "cut off" or "dropped out" by the subsequent oral agreement of the parties, the statute of frauds is still in the way, for it makes no difference whether the modification consists in adding to or subtracting from the terms of a contract. In either case, the terms are altered and the contract is a new one.

If, however, counsel means that he has merely waived his right to performance as to the other lot, and that upon the facts he would

have been entitled to performance by defendant of the original contract, he is clearly in error, for he has not himself performed. The facts alleged and found may show a good reason for his not having performed, and may state a cause of action for damages for the breach of the contract by defendant, or for compensation in money for the brick which Ferodowell delivered, but they do not make out a case entitling him to specific performance. In other words, he is not entitled to specific performance of the original contract because he himself, or his assignor, has not performed, and he is not entitled to specific performance of the new one, because it is void under the statute. Treating the oral agreement as being in the nature of an accord of all matters under the original contract, if it had been executed by conveyance of the lot and the payment of the money, it would have been available as a defense to either party to an action by the other on the original contract. In such case the oral stipulations would be relied on simply by way of accord and satisfaction, for performance according to orally substituted terms is always as available as would have been performance according to the original contract; and this is all that was meant by what was said in *Heisley* v. *Swanstrom*, 40 Minn. 199, (41 N. W. Rep. 1029.) But in this action it is sought to enforce and compel specific performance of oral stipulations which are within the statute. Nor has there been in this case any part performance of the new oral agreement to take it out of the statute, for all that was done was done under the original, and not under the substituted, agreement. The plaintiff has clearly mistaken his remedy, which was for damages for the breach of the contract, or for compensation in money for the brick which had been delivered. The decision, in so far as it directs a money judgment, is supported by the findings, but not in so far as it directs a decree for the conveyance of the lot. It appears that the oral "modification" of the original contract was made in behalf of the defendant by its secretary Nesbitt, and the point is made that there was no evidence of his authority to do so. In view of what has been said, this question is perhaps not material, but we are of opinion that, while the evidence is rather scant, it was sufficient to make out a *prima facie* case, in the absence of any rebutting evidence on behalf of defendant. Nes-

bitt was the person who made the original contract with Ferodowell, and, so far as the evidence discloses, the only person who ever appeared in behalf of the defendant in this transaction, or in any other connected with or growing out of it. It is true that the original contract is certified to as having been ratified and approved by defendant's board of directors, but this certificate is by Nesbitt himself as secretary. The extent of his authority was a matter peculiarly within the knowledge of defendant itself, and, if he exceeded it, it was a very easy matter to prove it, and we think there was enough in the evidence to put defendant on its proof.

The order appealed from will be reversed, and a new trial granted, unless plaintiff, within ten days after the filing of the *remittitur* in the district court, files a stipulation consenting to a modification of the order for judgment by striking out so much as relates to a conveyance of the lot, in which event a new trial will be denied, and plaintiff entitled to the money judgment as directed by the trial court.

(Opinion published 53 N. W. Rep. 1017.)