CHARLES G. LAYBOURN v. E. F. ZINNS.[1]

May 20, 1904.

Nos. 13,839—(101).

**Sale of Chattels—Pleading.**

In an action upon an executory contract for the sale of personal property exceeding in value the sum of $50, the contract referred to in the complaint will be presumed to be in writing and not within the statute of frauds, unless it appears from the face of the complaint that it was in parol.

Appeal by defendant from an order of the district court for Hennepin county, Brooks, J., overruling a general demurrer to the complaint. Affirmed.

[1] Reported in 99 N. W. 798.

*Henry M. Farnam,* for appellant.
*Chas. G. Laybourn,* pro se.

DOUGLAS, J.

This is an appeal from an order of the district court of Hennepin county overruling appellant's demurrer to the complaint of respondent. The sole question presented is whether respondent, in an action upon a contract to recover $5,000, the same being the price agreed upon in an unexecuted contract for the sale of personal property, must allege that the same is in writing.

The transaction comes clearly within the statute of frauds, and the rule has long been settled in this state, as applied to section 10, chapter 41, G. S. 1878 (being section 4213, G. S. 1894), that, where it does not appear that the agreement was by parol, it will be presumed to be in writing, and valid within the meaning of this provision of the statute. Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Collom v. Bixby, 33 Minn. 50, 21 N. W. 855; Benton v. Schulte, 31 Minn. 312, 17 N. W. 621. Section 10 reads:

> No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the parties creating, granting, assigning, surrendering or declaring the same, or by their lawful agent thereunto authorized by writing.

The language used in section 7 of said chapter 41 (being section 4210, G. S. 1894), differs from the clause above quoted, in this: That contracts for the sale of personal property are expressly declared to be void unless made in writing, etc.

It may have been better pleading had respondent definitely alleged in his complaint that the contract referred to was in writing; however, by the great weight of authority, the varying provisions of the English statute of frauds, as well as those of the several states, have been construed as affecting rules of evidence, and not those of pleading. The

92 M.—14

difference in the provisions is not so marked as to warrant a changed construction of section 7, and, it not appearing from the face of the complaint that the alleged agreement was by parol, it will be presumed to be in writing.

Order affirmed.