WALANTI KOSTREZEBA v. HOBART IRON COMPANY and Others.[1]

February 14, 1908.

Nos. 15,471—(209).

**Damages.**

> In this a personal injury action it is *held* that the verdict, including the award of damages, is sustained by the evidence, and that the trial court committed no errors in its instructions to the jury which would justify a new trial.

Action in the district court for St. Louis county to recover $10,000 damages for personal injuries. The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. C. Kennedy*, for appellant.

*Samuel A. Anderson*, for respondent.

START, C. J.

Action brought in the district court of the county of St. Louis to recover damages on account of personal injuries sustained by the plaintiff on May 28, 1906, while in the employ of the defendant in its iron mine. Verdict for the plaintiff in the sum of $1,500. The defendant appealed from an order denying its motion for judgment or a new trial.

1. The first contention of the defendant is that the evidence was not sufficient to sustain a verdict for the plaintiff; hence the trial court erred in not directing a verdict for the defendant as it requested.

The evidence is practically conclusive that the plaintiff, a young man twenty two years of age, without any experience as a miner, was hired by the defendant to work in its Minorca mine, near Virginia, in this state, at tramming—that is, pushing tram cars from the chute to the skip—which was simple and comparatively safe work, requiring no particular skill or experience on his part; that he worked nine days at the work for which he was hired, and on the tenth day he was directed by the shift boss to go and assist a miner in mining

[1] Reported in 114 N. W. 949.

103 M.—22

work—that is, in preparing an opening set of timbers in order to start a side drift from the main drift; that this work necessitated the removal of a post, which was one of the supports of the pieces of timber upon which the ore in the roof of the drift rested, a prop first being put in to take temporarily the place of the post to be removed; that the work was dangerous, unless executed with skill and care; that the plaintiff was given no instructions how safely to do the work, nor was he warned as to its dangers, but he was simply told by the miner to take out the post; that while trying so to do the overhead structure and ore fell upon him, whereby his leg was broken in at least one place below the knee, resulting in a permanent displacement of the bone, and he was injured on his breast and head.

The alleged negligence of the defendant submitted to the jury was its failure to instruct the plaintiff as to the work he was set to do without warning as to its dangers.

The contention of the defendant is to the effect that the plaintiff fully understood and knew the risk attending the work of a miner, and that there were no unusual or extraordinary hazards connected with the work in which he was engaged at the time of the accident, but only such risks as were obvious, and such as the plaintiff knew, or should have known by the use of his senses; hence he assumed the risks, and the verdict is not sustained by the evidence. It is true that the plaintiff was bound to use his senses and take notice of obvious dangers, whether the dangers attending the doing of the work were so obvious that the plaintiff could and should have known them by the use of his senses and guarded against them, and whether the defendant, in the exercise of ordinary care, should have instructed and warned him, were clearly questions of fact under the evidence. We hold that the verdict is sustained by the evidence.

2. The trial court, with other instructions, charged the jury as follows: "An employee assumes the risks naturally or necessarily incident upon the doing of the work in which he is engaged when the employer is free of negligence. He also assumes the unusual or extraordinary risks of his employment, even though they are caused by the negligence of his employer, provided he knows and appreciates such risks and dangers; and he is held to know such risks and dan-

gers as must be known by any one in the prudent exercise of his rea-
son.   *   *   *   (The burden of proving that the plaintiff assumed the
unusual and extraordinary risks of his employment, the unusual and
extraordinary risk to which he was subjected, is upon the defendant.
The burden of proving that the plaintiff was guilty of contributory
negligence is upon the defendant.)" The jury were also instructed
that they were the exclusive judges of all questions of fact in the case.

The giving of the instruction inclosed in parentheses is assigned as
error, on the ground that it in effect took away from the jury the
question whether or not the work was attended with unusual and ex-
traordinary risks, and by necessary implication determined that the
work was attended with such risks. It is manifest, from all the trial
judge said to the jury, that he did not intend to withdraw from the
jury the question whether or not the work was attended with unusual
and extraordinary dangers to one uninstructed as to the safe way to
execute the work. It is also quite clear from the whole charge that
the jury could not have understood the instruction as defendant claims.
However this may be, the defendant made no objection to the instruc-
tion on the trial; nor did it suggest to the court that the jury might be
misled by it and request a more specific instruction. The instruction,
then, in any event, falls within the rule of Steinbauer v. Stone, 85
Minn. 274, 88 N. W. 754, and cannot be here urged as a ground for
a new trial.

3. The defendant makes one other assignment of error as to the
court's charge. The court stated to the jury, in effect, that at the
time of the accident the miner with whom the plaintiff was put to
work was engaged in putting in an entering or opening set, and the
plaintiff was put to helping him. It is claimed that this was error, be-
cause the evidence showed that the plaintiff had worked with the
miner from early morning until four o'clock in the afternoon in the
preparation of the drift for putting up the set; hence the instruction
took from the consideration of the jury the question whether or not
the plaintiff, by such preparatory work during the day, did not ac-
quire knowledge of the work sufficient to inform himself of the risk
and dangers connected with putting in the set. This is a forced con-
struction of the charge, which evidently did not occur to counsel when

it was given; for no exception to it was then taken, or request made to make it more definite. This assignment of error is without merit. The award of damages is fairly sustained by the evidence.

Order affirmed.