# MINNEAPOLIS, SAINT PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY v. B. E. ENGGREN and Another.[1]

## July 15, 1910.

## Nos. 16,480—(51).

**No reversible error shown — incorrect charge without objection.**

In an appeal from an award by commissioners in condemnation proceedings the trial court charged the jury: "You will consider all the evidence given in the case, the inconvenience of cultivation, anything that may occur to you that would lessen the value of the other land which was not actually taken, in consequence of the building of the railroad, taking the whole farm to-

[1] Reported in 127 N. W. 391.

gether." No objection was taken to this incorrect charge before the jury retired. It is *held* that, under the rule in Steinbauer v. Stone, 85 Minn. 274, the case of reversible error was not made out.

**Damages not excessive.**

The awarded damages were not excessive, and did not appear to have been given under the influence of passion and prejudice.

Plaintiff appealed to the district court for Dakota county from an award of commissioners in condemnation proceedings awarding defendants B. E. Enggren and Ingeborg Enggren the sum of $1,000 as damages for the taking of certain land for the use of plaintiff railway company. The action was tried before Crosby, J., and a jury which rendered a verdict in favor of defendants for $1,500. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.

*Hodgson & Lowell,* for respondent.

JAGGARD, J.

This action was brought under chapter 41, R. L. 1905. The court in due course appointed commissioners to award damages to the landowner. They assessed the damage of plaintiff and respondent at the sum of $1,000. The defendant appealed to the district court. The case was tried by a jury, which rendered a verdict in favor of the landowner in the sum of $1,500. This appeal was taken from the order denying plaintiff's motion for a new trial.

1. One assignment of error was addressed to the following charge to the jury by the trial court: "You will consider all the evidence given in the case, the inconvenience of cultivation, anything that may occur to you that would lessen the value of the other land which was not actually taken, in consequence of the building of the railroad, taking the whole farm together." It is evident that this instruction was not correct. It permitted the jury to avail itself of knowledge possessed by it concerning matters not in the evidence and not capable of proper review. Objection, however, to it does not appear on the record before us to have been taken before the jury

retired. Section 4200, R. L. 1905, the defendant insists, renders this reversible error.

It is familiar, however, that in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, this court construed this statute reasonably, so as to render unsuccessful the familiar quest for technical error. It was not the intention of this court, as the defendant suggests, to there lay down the rule that counsel had to except to every part of the charge which he thought might be erroneous. Subsequent decisions of this court have regarded mere misstatements or technical inaccuracies in matters of law or fact as are often likely to creep into a charge orally delivered to the jury as not constituting prejudicial error. Defendant correctly insists that no exactly similar case has been presented to this court. See Kostrezeba v. Hobart Iron Co., 103 Minn. 337, 114 N. W. 949; State v. Halverson, 103 Minn. 265, 114 N. W. 957, 14 L. R. A. (N. S.) 947, 123 Am. St. 326; Waligora v. St. Paul Foundry Co., 107 Minn. 554, 119 N. W. 395; Kerling v. G. W. Van Dusen & Co., 108 Minn. 51, 121 N. W. 227.

Within the spirit of these and of other decisions, although not within their letter, we think the verbal error of the charge complained of should have been called to the attention of the trial court. With merely verbal modification, the charge would have been correct. No reason appears on the face of the record for thinking that the jury was in any wise misled, or in consequence of the verbal inaccuracies did so extraordinary a thing as to regard aught but the evidence actually adduced. The court distinctly charged them that they should "give each party what they are entitled to under the law * * * according to the evidence that comes before the jury and according to the opinion of the jurors."

2. It is also assigned as error that the trial court erred in denying defendant's motion for a new trial on the ground that the damages were excessive and appeared to have been given under the influence of passion or prejudice. It is true that the verdict exceeds the award by one-half, and that in view of the small amount of the land taken by the right of way, and of the low price for which this land was purchased and at which the farm would probably have sold, the ver-

dict is large. It does not at all follow that it was so excessive as to appear to have been given under the influence of passion or prejudice. The trial court, who heard the testimony, was in a much better position to determine this controversy than this court. The verdict met with its approval. Under the circumstances, we see no sufficient reason for disturbing its conclusion.

Affirmed.