# MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY v. ELLEN FAHEY and Others.[1]

February 24, 1911.

Nos. 16,868—(188).

**Review of award in condemnation proceedings.**

> An award in condemnation proceedings, sustained by the judge, will not be disturbed on appeal, where there is evidence tending to support it.

Proceedings in the district court for Dakota county to condemn a right of way for defendant's road. The facts are stated in the opinion. The appeal from the award of the commissioners was heard by Crosby, J., and a jury which returned a verdict in favor of respondents, and assessed their damages at the sum of $2,540. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.

*Hodgson & Lowell, James R. Hickey,* and *James A. Martin,* for respondents.

PER CURIAM.

Plaintiff and appellant traction company undertook to condemn certain lands in Dakota county belonging to defendants and respondents. The commissioners filed their award, assessing damages against plaintiff and for defendants in the sum of $1,300. Defendant appealed to the district court. The jury awarded defendants $1,462. Plaintiff then moved for a new trial, to which respondents consented. The case was then tried before the same judge and another jury. That jury awarded defendants $2,540. This appeal was taken from the order denying a new trial.

Defendants' assignments of error are principally addressed to

[1] Reported in 129 N. W. 1051.

the proposition that the damages were so excessive as to appear to have been given under the influence of passion and prejudice. The testimony as to values reveals the usual discrepancies. Of respondents' witnesses, one assessed the damage at $2,700; and another, who had been a farmer for thirty-five years, at $2,860; and another, who had been assessor of the town for two years, at $5,255.92. Of plaintiff's witnesses, one estimated the damages at $550, and another at $900, and another $1,000. Plaintiff's brief, however, admits that the damage was $1,300. Much other evidence tends to support the verdict. The same judge sustained it and its predecessor. It is our plain duty to affirm his conclusions on this point. See Minneapolis, St. P., R. & D. Ele. T. Co. v. Enggren, 111 Minn. 373, 127 N. W. 391.

Defendant also assigns as error two rulings on evidence. Neither ruling was material, nor involved any substantial error. A discussion of the details would serve no useful purpose.

Affirmed.