## CHARLES TIMMERMAN v. ALFRED E. WHITING.[1]

July 5, 1912.

Nos. 17,591—(136).

**Action for deceit — pleading.**

Complaint *held* to state a cause of action for deceit, and not for breach of contract; the deceit or fraud consisting in stating that the interest in a first mortgage described in a deed to a tract of land then about to be delivered to plaintiff was paid to a certain date, when as a fact there was $477 unpaid.

**Measure of damages.**

Plaintiff thereafter being compelled to pay said sum, that amount becomes the measure of damages in an action, where it is proven that defendant made such false representation, and the plaintiff, in ignorance of the falsity and in reliance on the truth thereof, accepted the deed, and the defendant is not entitled to a reduction of damages because plaintiff subsequently was enabled to buy a second mortgage, assumed by him as grantee in such deed, for less sum than the face thereof.

**Harmless error.**

An omission in the charge, palpably not prejudicial under the evidence in this case, and which was not called attention to at the trial, is not reversible error.

**Evidence.**

Rulings on admission of evidence examined, and found without error.

[1] Reported in 137 N. W. 9.

**New trial denied.**

No abuse of discretion appears in the trial court's refusal to grant a new trial for misconduct of counsel.

Action in the district court for Blue Earth county to recover $517.-55 for alleged fraudulent representations in exchange of real estate. Defendant demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant's answer was a general denial. The case was tried before Pfau, J., and a jury which returned a verdict in favor of plaintiff for $636.39. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*A. R. Pfau, Jr.,* and *C. J. Laurisch,* for appellant.

*W. L. Comstock,* for respondent.

HOLT, J.

Plaintiff recovered a verdict for defendant's fraud and deceit. Defendant's motion for judgment notwithstanding the verdict or for a new trial being denied, he appeals.

On May 3, 1905, plaintiff owned one hundred sixty acres of land in Red Lake county, this state, subject to $1,050 incumbrance, and defendant was in possession of twelve acres of land in or near Mankato, on which was a first mortgage of $1,000 and a second mortgage of $1,700. The record title to the twelve acres was in Mrs. Geddes. She, however, prior to the date mentioned, had given a contract to convey the same to one Hall, and Hall had agreed to convey to the defendant. On said May 3 plaintiff and defendant entered into a written contract for the exchange of their respective properties. Each was to accept the conveyance of the property exchanged subject to the incumbrances above stated, and defendant was to pay plaintiff, in addition, $300 in cash when the deeds were delivered. The deeds were not exchanged till the first days in October, 1905. For reasons of his own, defendant prevailed on plaintiff to agree to accept a conveyance of the twelve acres from Mrs. Geddes and her husband direct. In this deed the grantee, the plaintiff herein, assumed and

agreed to pay the two mortgages, with interest thereon from May 3, 1905. When the deed was delivered to plaintiff, defendant paid to the holder of the second mortgage the interest up to May 3, 1905, and represented to plaintiff that the interest on the first mortgage had been paid to that date. Plaintiff claims that he relied on this representation in accepting the deed, not knowing that it was untrue; that the representation was false, and made by defendant with intent to deceive plaintiff; that there was interest in the amount of $477 due and unpaid at that time for the period preceding May 3, 1905, which sum plaintiff was thereafter compelled to pay to the holder of said first mortgage, in addition to the principal. It also appears that some time afterwards plaintiff was able to purchase the $1,700 mortgage for $1,200.

The complaint is unnecessarily lengthy, and may be open to the criticism that it attempts to state a cause of action for deceit, and also for breach of contract. It is clear, however, that the allegations make out a case of false and fraudulent representations, knowingly and designedly made by the defendant, that the interest had been paid in full to May 3, 1905, upon the $1,000 mortgage described in the deed, which defendant then tendered plaintiff; that plaintiff relied on such representations, having no knowledge of their falsity; that they were false, in that $477 back interest was unpaid on the first (or $1,000) mortgage; and that plaintiff was compelled to pay that amount to the holder thereof, over and above the amount assumed in accepting the deed. The various steps in the transaction from first to last are also set out. The relations between the owners of the record title and Hall, to whom a contract for deed had been given; the like relation from Hall to defendant, who held a similar contract from Hall; and the contract between plaintiff and defendant, and the Geddes deed, which plaintiff was induced to accept—are made a part of the complaint. Of course, with the averments in the pleadings and these instruments attached, one may be able to spell out a case for breach of the conditions or covenants of a contract. But it is manifest from the course of the trial that no prejudice could have resulted from the condition of the pleading or from the refusal of the court, before any testimony was received, to require plaintiff to elect

on which cause of action to stand; for the trial court indicated, when the ruling was made at the opening of the trial, that he did "not understand that the complaint is for a breach of warranty, strictly speaking."

The case was submitted to the jury as one for false representations in regard to the amount of interest unpaid on the $1,000 mortgage, and all claims based on any agreement or covenant were withdrawn from the jury. Moreover, there was no controversy as to the written instruments involved and set out or referred to in the complaint, nor as to the fact that the interest was to be paid on the mortgage mentioned till May 3, 1905, by the defendant; defendant's only claim being a vague and doubtful contention that he adjusted the matter with plaintiff when the deed was delivered, and, further, that the amount of interest unpaid was much less than $477.

When the matters which, though illuminating the situation, have no controlling bearing on the determination of the controversy, are eliminated, the proper solution does not seem difficult. The parties to the action made an exchange of two pieces of real estate. The piece plaintiff was to get should be subject to $2,700 incumbrances. The contract was dated May 3, 1905, but said nothing about interest on the mortgages. When they came to close the transaction by delivery of deeds in October following, there is no dispute but that each party understood that the one who had agreed to convey the land should pay interest on the mortgage thereon till the date of the contract. The Geddes deed tendered plaintiff by defendant so indicates, the defendant admits this to be the agreement, and he then and there gives a check to pay up the interest on the $1,700 mortgage to May 3, 1905. There are, then, no misrepresentations or fraud in regard to the land received in the deed by either party, nor in respect to the time from which plaintiff was to pay the interest on the mortgages, nor with relation to the $1,700 mortgage. So that this case relates, not to the deal as such, nor to the second (or $1,700) mortgage, nor to who was to, or did, convey the legal title to plaintiff, but solely to the amount due on the $1,000 mortgage. All other matters are incidental, and practically undisputed.

Upon this view of the situation the contention is without merit that
118 M.—26.

the defendant should have the benefit of the bargain subsequently obtained by plaintiff in purchasing the $1,700 mortgage. The second mortgage was eliminated when the interest was paid thereon to May 3, 1905, at the time the deed was accepted by plaintiff. The fraudulent representation was with reference to the first mortgage alone, and plaintiff parted with $477 by reason of defendant's deceit in that matter. It is, under the circumstances, not necessary to refer to the settled law that where suit is brought for breach of a covenant against incumbrances, if a breach be proven, the measure of damages is the amount paid by the covenantee to remove the incumbrance covenanted against. That rule has no application here. The same may be said with respect to the contention that the complaint does not state a cause of action against defendant for breach of covenant against incumbrances, because the covenants in the deed are made by the grantors therein, Mrs. Geddes and husband, and that, if defendant assumed these covenants as his own, the agreement so to do is not alleged to be in writing. As we have above stated, the action is properly one in deceit, and wherein one, without any beneficial interest in a transaction, may nevertheless, by making false representations whereby he induced another to enter the same in reliance upon such representations, become liable to such other for the damages resulting. The proposition that a pleading is open to attack, if it is not alleged that an agreement required by the statute of frauds to be in writing is in writing, is not important here, nor has it legal merit. Laybourn v. Zinns, 92 Minn. 208, 99 N. W. 798.

The errors assigned on the admission of testimony with reference to what the defendant said or promised when he desired plaintiff to take the deed from Geddes, instead of Geddes deeding to Hall, Hall to defendant, and defendant to plaintiff, could not have been prejudicial; for, as above stated, by adjusting the interest on one of the mortgages and presenting to plaintiff a deed which clearly indicates that plaintiff was to pay interest on the mortgages only from and after the date of the contract, there was no controversy or dispute between the parties as to the matter. Moreover, the court expressly charged the jury to dismiss from their minds all testimony in regard to defendant's promise to stand back of the covenants in Geddes' deed.

But, that aside, it is by no means clear that the testimony was not properly admitted, for the reason that defendant's willingness to vouch for the covenants in the deed of Geddes delivered to plaintiff in lieu of his own tends to prove the contention of plaintiff that he made the representations alleged.

The testimony of plaintiff that he relied on defendant's representations as to the interest being paid on the $1,000 mortgage was properly admitted. This was necessary to prove, and the only way it could be done, outside of the inference from his act in accepting the deed, is for him, under oath, to state that he did rely on defendant's word. Berkey v. Judd, 22 Minn. 287.

No exception was taken to the charge of the court, wherein again and again was stated that the sole questions for the jury were whether or not defendant had made the false representation that the interest was paid on the first (or $1,000) mortgage to May 3, 1905, and, if he did so represent, how much of the back interest was unpaid, which plaintiff was compelled to pay. Unfortunately, one other element was omitted, namely, that it was necessary to find that plaintiff relied on the representation, being ignorant of its falsity. However, the oversight did not occur to defendant's counsel at the time, for no attention was called thereto, nor did he observe this technical defect in the charge when the first motion for a new trial was made, nor even when a second one was made, over a month after the first was denied; but in a third motion, set for hearing the same date as the second, the point is made. We do not think a new trial should be granted for this unnoticed omission in the charge. As hereinbefore stated, the plaintiff testified that he relied on the representation, believed it to be true, and was ignorant of the falsity when he took the deed. This was so fully brought out in the testimony that the jury must have been impressed with its importance. Furthermore, it is self-evident that plaintiff, having assumed the payment of the interest on the mortgage only from May 3, 1905, would not have accepted the deed if he had had any information that $477 additional interest was unpaid, or if he had not absolutely relied on the representation that it was paid. We are of opinion that this omission in the charge could not have mislead the jury, and is of such technical character that it is too

late now for defendant to assert it. Minneapolis, St. P. R. & D. Elec. T. Co. v. Enggren, 111 Minn. 373, 127 N. W. 391; Applebee v. Perry, 87 Minn. 242, 91 N. W. 893.

The contention that plaintiff's counsel, by improper remarks in his final argument to the jury, prevented defendant from having a fair trial, cannot be sustained. The defendant's testimony and the undisputed facts were such that strong language might well be used to characterize his conduct. Much must be left to the discretion of the trial court with respect to the limits of proper argument. Often the closing address of defendant's counsel is such that the opposing counsel is justified in making reflections which would be out of place if the tenor of the first address had been entirely proper. The trial court, who knew what had preceded, made no ruling on what defendant's counsel stated were the obnoxious remarks and the correctness of which plaintiff's counsel denied. We do not think the record presents any ground for new trial on account of misconduct of counsel.

The order appealed from is in all things affirmed.