## CONSUMERS GRAIN COMPANY v. WM. LINDEKE ROLLER MILLS.[1]

October 13, 1922.

No. 22,902.

**Directed verdict proper where plaintiff fails to prove cause of action pleaded, when.**

1. Plaintiff in an action is limited in his right of recovery to the cause of action presented by his complaint, except where other matters are litigated on the trial by consent, and upon his failure to prove the cause so pleaded a verdict against him is properly directed, though the subject matter may confer a probable right of action not the basis of the action.

**Construction of pleadings.**

2. Pleadings are to be construed by taking the allegations thereof as a whole, and not in the light of a detached sentence or paragraph standing alone.

**Complaint for breach of modified contract.**

3. The rule is here applied and the complaint construed to predicate plaintiff's asserted right of recovery upon an alleged breach of an agreement entered into by the parties in modification of a prior contract between them, such agreement taking the place of and fixing the rights of the parties in material respects at variance therewith, and not upon the original contract.

Action in the district court for Ramsey county to recover $2,628.41 for breach of contract. The answer denied that defendant ever agreed to a modification of the agreement of May 6, 1920. The case was tried before Catlin, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Moore, Oppenheimer, Peterson & Dickson* and *Gilbert E. Harris,* for appellant.

*Butler, Mitchell & Doherty,* for respondent.

[1]Reported in 190 N. W. 65.

Brown, C. J.

Action for damages for the alleged breach of a contract in which at the conclusion of the trial a verdict was directed for defendant and plaintiff appealed from an order denying a new trial.

The facts as stated and disclosed by the complaint are substantially as follows: On May 6, 1920, the parties to the action entered into a contract by which plaintiff sold and agreed to deliver to defendant 5,000 bushels of number 2 hard winter wheat at a stated price per bushel. No definite time was fixed for the delivery, but the complaint alleges that a part thereof was delivered and paid for in August, 1920; and that on the third of that month plaintiff was ready to deliver the balance which defendant refused to accept at that time. The complaint then alleges that immediately subsequent to said tender and refusal a new and substitute agreement was entered into, the allegations thereof being that:

"In consideration of plaintiff's agreement to forbear and not to force defendant to accept the wheat tendered as above, or in lieu thereof pay damages, it was mutually agreed between plaintiff and defendant that the agreement of May 6, 1920, as stated in paragraph III hereof, should be modified and amended so that defendant would accept the balance of the wheat due at a later date, and if plaintiff was thereafter unable to secure No. 2 hard winter wheat of the old crop, which was contemplated in the original agreement, defendant would accept in its stead and under the original agreement No. 2 hard winter wheat of the new crop for the balance of the five thousand bushels that remained undelivered, and defendant agreed to pay for the same at the price agreed to in the original agreement. * * * In all other respects the original contract was to be and remain in full force and effect. That plaintiff has duly performed all conditions on its part of the agreement as amended and plaintiff being unable to secure No. 2 hard winter wheat of the old crop was on or about the 26th day of August, 1920, ready and willing to deliver the balance of said five thousand bushels of wheat of the new crop, and on said day duly tendered the same to defendant, and defendant refused to accept the same pur-

suant to the agreement as modified;" by reason of which plaintiff has suffered damage, etc.

The modified contract changed the rights of the parties from those fixed by the earlier contract in material respects.

The answer of defendant put in issue the allegations of the complaint, though the making of the original contract was not disputed, and in addition to the denial charged a failure of performance by plaintiff. The reply in turn put in issue the allegations of new matter in the answer.

The issues thus framed came on for trial before the court and a jury, at the conclusion of which a verdict was directed for defendant on the ground that plaintiff had failed to establish the alleged modified agreement for a breach of which damages were claimed.

It is contended by plaintiff in support of the appeal that the action is in fact predicated upon the original contract and the breach thereof on August 3, and not upon the modification agreed to by the parties on that day. The allegations of the complaint are to be construed, not from a detached sentence or paragraph thereof, but from the pleading as a whole. Therefrom it affirmatively appears that the original contract was modified to the extent stated, that plaintiff tendered to defendant the wheat called for by the modified agreement, namely, that of the new crop, and that defendant "refused to accept and pay for the same pursuant to the agreement as modified." On the face of the complaint the alleged modification, presumptively in writing (Laybourn v. Zims, 92 Minn. 208, 99 N. W. 798), was valid, and, had plaintiff been able to establish it by competent evidence, a note or memorandum, recovery would necessarily have been confined and limited to the damage resulting from the refusal of defendant to perform the agreement as so modified; recovery could have been had on no other theory. But the original contract was in writing, or composed of writings, while the alleged modification was in parol, therefore, within the statute of fraud and invalid and not enforceable (chapter 465, p. 767, section 4, Laws 1917; Burns v. Fidelity Real Estate Co. 52 Minn. 31, 53 N. W. 1017; Thompson v. Thompson, 78 Minn. 379, 81 N. W. 204, 543); leaving the original intact and of force and effect.

The action, however, by the mere failure or inability of plaintiff to establish the alleged modified agreement, did not become transformed into one to recover upon the old contract; the action remained the same, and on the contract as modified. Burns v. Fidelity Real Estate Co. 52 Minn. 31, 53 N. W. 1017. Having failed to prove it, a verdict for defendant was properly directed. Donahue v. N. W. Tel. Exch. Co. 103 Minn. 432, 115 N. W. 279. It is elementary that plaintiff in an action is limited to the cause of action expressly pleaded, and can recover upon no other basis, even though the subject-matter may confer some other right of action, except by an amendment to the complaint or the litigation of the other right by consent. 1 Dunnell, Minn. Dig. § 1904; 2 Dunnell, Minn. Dig. § 7674; Marshall v. Gilman, 47 Minn. 131, 49 N. W. 688; Cremer v. Miller, 56 Minn. 52, 57 N. W. 318; Gaar-Scott & Co. v. Fritz, 60 Minn. 346, 62 N. W. 391; Scofield v. National Elev. Co. 64 Minn. 527, 67 N. W. 645; Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053.

There was in the case at bar no amendment of the complaint changing the cause of the action pleaded, nor was the question of the right of plaintiff to recover upon the original contract litigated by consent. The numerous objections made by defendant during the trial disclose a consistent effort to confine the trial to the issues pleaded. The amendment in respect to the value of the wheat did not have the effect of changing the cause of action stated in the complaint. Upon being confronted with the fact that the alleged modification of the contract could not be established, plaintiff had the option of dismissing and bringing a new action on the original contract, or by applying for an amendment striking from the complaint the allegations of the modified contract. Having failed to resort to either, the court properly ended the action in the manner stated. The result does not constitute a bar to an action for a breach of the original contract.

Order affirmed.


Hallam, J. (dissenting).

I dissent: This case is decided on a question of pleading. I can

see no question of pleading in this case. Plaintiff in his complaint alleged the original contract and then alleged:

"That plaintiff has duly performed on its part all conditions of the said agreement, and was on or about the 3rd day of August, 1920, ready and willing to deliver the balance of the said 5,000 bushels of wheat, to-wit: three thousand eight hundred and sixty-five (3,865) bushels and eighteen (18) pounds, and on said day duly tendered the same to defendant, and defendant refused to accept and pay for same, to plaintiff's damage in the sum of two thousand six hundred twenty-eight and 41/100 dollars ($2,628.41)."

I can conceive of no language better adapted to the pleading of a contract and its breach. Plaintiff then alleged that after the tender and refusal the parties undertook to modify the contract so as to give defendant further indulgence. The attempted modification was void. The void negotiation left the original contract still standing. It conferred no rights and took away none. It left the parties where they were before. Surely a void attempt at an accord and satisfaction does not discharge a perfectly good claim. Nor did the allegation of the void transaction destroy the effect of the perfectly good allegation of a cause of action on the original contract.