Thomas BASICH, et al., Appellants,

v.

BOARD OF PENSIONS OF the EVANGELICAL LUTHERAN CHURCH IN AMERICA, Respondent,

Evangelical Lutheran Church in America, Respondent.

No. C2–92–927.

Court of Appeals of Minnesota.

Dec. 8, 1992.

Robert C. Bell, Peterson, Bell, Converse & Jensen, Lynn E. Basich, Roseville, for appellants.

John E. Harris, Bonnie M. Fleming, Jeffrey D. Hedlund, Faegre & Benson, Minneapolis, for Board of Pensions of the Evangelical Lutheran Church in America.

Robert H. Rydland, Levander, Zotaley, Vander Linden & Rydland, Minneapolis, for Evangelical Lutheran Church in America.

Considered by NORTON, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

NORTON, Presiding Judge.

Appellants, three Lutheran ministers and a Lutheran congregation, sued the Evangelical Lutheran Church of America (ELCA) and the Board of Pensions for the ELCA challenging the propriety of respondents' investment of employee pension funds. The trial court held that appellants lacked standing to sue and granted summary judgment to respondents. We affirm.

## FACTS

Appellants are three ministers and a congregation of the Evangelical Lutheran Church of America. They participate in a defined contribution pension plan administered by the Board of Pensions for the ELCA (Board). The ELCA and the Board are separate corporations organized under the Minnesota Nonprofit Corporation Act, Minn.Stat. Chapter 317A. Although they are separate corporations, the ELCA exercises some influence over Board decisions.

In 1987, the ELCA adopted a resolution that the church should "see that none of our ELCA pension funds will be invested in companies doing business in South Africa." Appellants sued, alleging that the ELCA forced the Board to implement that policy, and as a result, the Board was not investing their pension funds in accordance with the "prudent person" rule. Appellants argued that the Board had a legal obligation to focus solely on increasing appellants' return on investment and that the Board breached that duty when it let political and social concerns influence its investment decisions.

Appellants contend that Count I of their complaint stated individual claims, while Counts II and III stated derivative claims. The trial court, however, interpreted much of Count I to be a derivative claim. The court said that Count I purported to be a claim for declaratory judgment and injunctive relief, but in actuality, it was a claim for injunctive relief and for a derivative cause of action on behalf of the Board. Count I does allege that respondents breached their contractual and fiduciary duties. However, it also states that appellants asked the Board to change its articles of incorporation and to disregard ELCA's mandates; when the Board refused to act, appellants brought this action "for the benefit of the Board of Pensions."

Count I requested the following relief: (1) an injunction ordering respondents to adopt a "portability plan" permitting any beneficiary to withdraw funds from the pension plan; (2) a declaratory judgment invalidating ELCA's mandate that the Board consider social and political factors when investing; (3) injunctions prohibiting the ELCA from controlling the Board, ordering the ELCA and the Board to amend their articles of incorporation so they would be independent, and ordering the Board to invest pursuant to the prudent person rule; (4) costs and expenses; and (5) any other relief that would be just. The trial court interpreted the complaint as requesting injunctive relief in the form of a portability plan and as a derivative action enjoining ELCA from controlling the Board.

The trial court granted summary judgment to respondents holding that appellants were not members of either corporation and that only members had standing to control a corporation. The trial court looked at the corporations' governing documents to determine whether appellants were members. ELCA's constitution states that members of the corporation are those persons selected to serve on the Churchwide Assembly. Appellants were not elected to the Churchwide Assembly. The Board's articles of incorporation state that it has no members with voting rights.

After the trial court granted summary judgment to respondents, appellants moved to vacate the judgment and to amend their

complaint. Their motion was denied. Appellants now challenge the trial court's grant of summary judgment; they argue that Count I stated a direct claim for breach of fiduciary duty and breach of contract and that they have standing to bring a derivative suit against respondents.

## ISSUES

I. Did the trial court err in construing Count I as a claim for injunctive and derivative relief rather than as a direct claim for breach of contract and breach of fiduciary duty?

II. Did the trial court err in holding that appellants were not members of either corporation and therefore lacked standing to bring a derivative action?

## ANALYSIS

This court will uphold the grant of a summary judgment if there are no unresolved issues of material fact and if the trial court properly applied the law. *Gutwein v. Edwards*, 419 N.W.2d 809, 811 (Minn.App.1988).

### I.

■ Courts must construe pleadings in a manner that promotes "substantial justice." Minn.R.Civ.P. 8.06. To further this goal, courts should construe pleadings liberally in favor of the pleader and judge them by their substance and not their form. *Mutual Creamery Ins. Co. v. Iowa Nat'l Mut. Ins. Co.*, 427 F.2d 504, 507–08 (8th Cir.1970). Additionally, courts should look at the pleadings as a whole, rather than focussing on a "detached sentence or paragraph." *Consumers Grain Co. v. Wm. Lindeke Roller Mills*, 153 Minn. 231, 233, 190 N.W. 65 (1922). A major purpose of pleadings is:

> to give fair notice to the adverse party of the incident giving rise to the suit with sufficient clarity to disclose the pleader's theory upon which his claim for relief is based.

*Northern States Power Co. v. Franklin*, 265 Minn. 391, 394, 122 N.W.2d 26, 29 (1963).

■ Appellants argue that Count I stated an individual claim for breach of contract and breach of fiduciary duty. They contend that the trial court erred in holding that Count I was a derivative action and a claim for an injunction.

Portions of Count I do suggest a claim for breach of contract and breach of fiduciary duty. Count I states that appellants have a contractual and fiduciary relationship with the Board; that the Board promised to invest money solely in the best interests of beneficiaries; that the Board breached their promise; and appellants were harmed.

Count I, however, also suggests a derivative claim. It states that appellants requested the Board to disregard ELCA's mandates and to bring a civil action to change its articles of incorporation. When the Board refused to take action, appellants brought suit "for the benefit of the Board of Pensions." Additionally, the relief sought reflects a desire to control the Board. Appellants sought a portability plan for all members of the pension plan and an injunction prohibiting ELCA from controlling the Board.

We agree with the trial court that the pleading read as a whole shows an intent to control the Board's corporate decisions and to prevent ELCA from interfering with Board decisions. While we support liberal interpretation of pleadings, we believe the trial court was asked to reach too far to interpret the complaint as stating an individual cause of action.

When a complaint is inadequate, the plaintiff may move to amend pursuant to Minn.R.Civ.P. 15.01. Here, however, appellants did not seek amendment until after the court granted summary judgment to respondents. Appellants' failure to move for amendment in a timely manner is somewhat understandable. ELCA had moved for summary judgment for itself and the Board on all claims, seeking injunctive or derivative relief. Appellants apparently did not realize that most of their claims could be viewed as derivative. While we understand why appellants may have been misled by respondent ELCA's moving papers, we cannot hold that under these cir-

cumstances the trial court abused its discretion in denying appellants' motion to vacate the summary judgment and to amend their complaint. *See Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn.1980).

The Board's counsel, in response to questioning at oral argument, stated that they did not believe that affirmance here would preclude appellants from asserting their individual claims in the future. We recognize this concern, but we do not decide whether this decision is res judicata.

## II.

 The ELCA and the Board are organized under the Minnesota Nonprofit Corporation Act, Minn.Stat. Chapter 317A. The Act assumes corporations have no members unless the corporate articles or bylaws provide for them. Minn.Stat. § 317A.401, subd. 1(a) (1990). ELCA's constitution states that members are those persons selected to serve on the Churchwide Assembly. The Board's articles state that it has no members with voting rights. Appellants are not members of either corporation; they are, however, participating members of the pension plan.

Minn.R.Civ.P. 23.06 permits "one or more shareholders or members" of a corporation to bring a derivative action "to enforce a right" of the corporation. Rule 23.06 does not define the term "member." The trial court held that the term "member" in Rule 23.06 is defined by Chapter 317A, and that because appellants were not members, they had no standing to bring a derivative suit on behalf of the corporations.

Appellants argue that Rule 23.06 defines "member" more broadly than does the Minnesota Nonprofit Corporation Act and that under Rule 23.06 they qualify as members of the corporations. Appellants, however, cite no case supporting this view. We believe that the trial court interpreted Rule 23.06 consistently with the provisions of Chapter 317A; the definition of "member" provided in Chapter 317A should also be used to define the term "member" in Rule 23.06. Appellants were not members of either nonprofit corporation and thus had no standing to bring a derivative suit.

## DECISION

The trial court did not err in granting summary judgment to respondent corporations. Appellants' complaint did not state individual claims and because appellants were not members of the corporations, they lacked standing to bring a derivative suit.

Affirmed.