FOUKE & LYON, Appellants, v. JACKSON COUNTY, Appellee.

1. **Municipal Corporations**: COUNTIES: IMPLIED CONTRACTS: EMPLOYMENT OF ATTORNEY. To hold a county board of supervisors upon an implied contract to pay for services rendered the county, it must appear that the board in its official capacity had notice of the fact that the service was being rendered for the county, that compensation was expected from the county therefor, and that the board, with such knowledge, permitted the service to be rendered without objection on its part. The knowledge and acquiescence of a majority of the members of the board in such facts, but not in their official capacity, will not bind the county.

2. ——: ——: ACTION OF OFFICERS: PRESUMPTION. The act of a county auditor in sending to a firm of attorneys a subpoena in chancery, with the indorsement, over his signature, the words, "Please attend to this matter," *held*, not to warrant the presumption that such officer was authorized to employ said attorneys on behalf of the county.

*Appeal from Clinton District Court.*—HON. C. M. WATERMAN, Judge.

MONDAY, FEBRUARY 8, 1892.

THE plaintiffs bring this action to recover compensation for services rendered by them as attorneys in defending a certain action in equity in the United States circuit court, northern district of Iowa, wherein the Milwaukee & St. Paul Railway Company sought to restrain Jackson county and the town of Sabula, as defendants, from assessing and collecting certain taxes. The petition may be construed as setting forth the claim upon two grounds, namely, an express contract and an implied contract,—an express, for that the defendant expressly requested the plaintiffs to perform the service, and an implied contract, for that the defendant, knowing that the plaintiffs were performing the service for its benefit, and in expectation of being paid by it, acquiesced therein, and for the further reason that the defendant accepted the benefits and

results of the service. The plaintiffs further alleged that the services are reasonably worth four thousand dollars, and that they duly presented the claim to the defendant's board of supervisors, and the same was not allowed. The defendant answered, denying generally. The case was tried to a jury, and verdict and judgment for the defendant. The plaintiffs appeal, assigning as errors the refusing to give instructions stated; the giving of the fourth, fifth, eighth, ninth and tenth paragraphs of the charge; and "in charging the jury that the county should not be held liable on an implied contract."—*Affirmed*.

*Hayes & Schuyler* and *Fouke & Lyon*, for appellants.

*G. L. Johnson* and *Ellis & McCoy*, for appellee.

GIVEN, J.—I. The appellants argue at length, and with numerous citations, to show that the court erred in charging the jury that the county could not be held liable on an implied contract. It seems to us this is an entire misapprehension of the record, and that the case was submitted to the jury upon the plaintiffs' claim of an implied contract, and upon that alone. The court, having in the fourth paragraph of the charge withdrawn the claim of an "express request" or contract from the consideration of the jury, because there was no evidence from which to find it, said to the jury in the sixth paragraph: "The contract upon which plaintiffs must recover, if at all, is what is called in law an 'implied contract.' In other words, the liability of the county, if any, rests upon a promise which the law presumes was made." In the fifth and eighth paragraphs the jury were instructed that, if the plaintiffs rendered services to the county under such circumstances as to make it obvious that they expected compensation therefor from the county, and that the

1. MUNICIPAL corporations: counties: implied contracts: employment of attorney.

county, knowing these facts, thereafter permitted the plaintiffs to render services, and accepted the result of the plaintiffs' work, the plaintiffs would be entitled to recover. It is certainly clear that the case was submitted upon the plaintiffs' theory of the law, to-wit, that a county may be liable upon an implied contract; and, as neither party is excepting thereto, we are not called upon to determine its correctness, but must accept it as the law of the case.

II. The appellants discuss as their second proposition the facts and authorities touching a ratification by the county. We have seen that in the instructions given the jury were told that, if the county permitted the plaintiffs to render the services knowing that they were for the county, and that they expected pay from the county, and accepted the result of the plaintiffs' work, the county would be liable. This is exactly what the plaintiffs asked in their sixth paragraph, and what they say in the tenth would be a ratification. The subject of acceptance and ratification was submitted quite as broadly as the appellants asked it to be.

III. We understand the real point of contention to arise out of the ninth paragraph of the instructions given, and the refusal to give the eleventh instruction asked by the plaintiffs. The ninth paragraph given is as follows:

"9. In order to find that Jackson county had knowledge of the fact that plaintiffs were performing services in the suit mentioned, it will be necessary for you to find that such knowledge was had by the board of supervisors of said county, acting in its official capacity. The fact, if shown, that some or all of the members of said board had such knowledge, obtained from sources outside the board, would not be sufficient to bind the county with notice of what 'they or either of them so knew. The board of supervisors, acting officially, alone can bind the county by an express contract for the employment of an attorney; so, only

from the acts and conduct of such board, thus officially acting, can a contract be implied by which the county will be bound. It is not necessary, however, that you find that the board of supervisors took any affirmative action in the matter, in order to bind the connty, under the circumstances already stated. It is sufficient if you find that the board in its official capacity had notice of the fact that plaintiffs were acting for the defendant county, expecting compensation from it; and then, if said board permitted plaintiffs to proceed, the county will be bound, for there is no proper evidence in this case tending to show that the county ever made any objection thereto. A sentence contained in one of the letters written by Judge Hilsinger to plaintiffs, to the effect that the county refused to employ or pay the plaintiffs, is not sufficient to show that the defendant objected to plaintiffs' services, and should not be considered by you for this purpose."

The plaintiffs' seventh paragraph, refused, is to the effect, that if the board, during the pendency of the injunction suit, knew that the plaintiffs were acting for the county, and expecting pay therefor, and took no action in opposition thereto, but allowed the plaintiffs to proceed, the county would be liable. That is substantially given in the ninth paragraph of the charge of the court. The tenth paragraph, refused, is that, if the whole number of the board, knowing of the service and expectations, took no action, but allowed the plaintiffs to proceed, the plaintiffs would be entitled to recover. This is not materially different from the ninth paragraph of the charge given.

The eleventh instruction asked and refused is, that if a majority of the members of the board, knowing of the service and expectations, acquiesced therein, the plaintiffs would be entitled to recover. Hereby we have the question whether knowledge and acquiescence by a majority of the members of the board will bind the county. It is the board alone, acting officially,

that can bind the county by an express contract; and surely a contract will not be implied against the county except upon the knowledge and acquiescence of the board acting officially. True, as the jury were instructed, knowledge and acquiescence may be established without showing affirmative action; but the knowledge and acquiescence must be by the board as such. A contract is express when the parties show their assent in words; it is implied when they show it by acts. It requires neither argument nor authority to show that in either case the assent must be by one having power to give it.

IV. The first two instructions asked and refused are to the effect that, having undertaken the defense of the case, it was the duty of the plaintiffs not to abandon it without notice to the county, and to act diligently, etc. There was nothing in the case to call for instructions on this subject. The fourth, fifth, sixth and fourteenth are as to what would constitute an implied contract, and are substantially the same as those given. The sixteenth, refused, is to the effect that it will be presumed that the county auditor acted with proper authority, and was authorized to send to the plaintiffs the subpœna in chancery served upon the county, with his indorsement thereon, signed by him: "Please attend to this matter." In view of the unquestioned fact that the plaintiffs were employed by and appearing for the town of Sabula in the defense of the injunction case, the presumption would not exist from this act of the auditor that he was authorized to employ the plaintiffs on behalf of the county. In this connection, we may add, that the court did not err in withdrawing the claim of an express request or contract from the consideration of the jury, as there was no evidence upon which to base it, other than this act of the auditor, and certain conversations with and declarations of individual

2. ——: ——: action of officers: presumption.

members of the board out of session, and when not acting officially.

We find no error either in the giving or refusing the instructions, and the judgment of the district court must therefore be AFFIRMED.