(18 Misc. Rep. 6.)

## LOWENTHAL v. COPLAND.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

  Where defendant did not move for a direction of a verdict in his favor, or for dismissal of the complaint, he cannot object, on appeal, that the evidence did not justify its submission to the jury.

Appeal from city court of New York, general term.

Action by Annie Lowenthal against Harris M. Copland on two promissory notes. A judgment in favor of plaintiff for the amount of the notes and interest was affirmed by the city court (40 N. Y. Supp. 379), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Louis Steckler, for appellant.

Louis J. Vorhaus and Grossman & Vorhaus, for respondent.

DALY, P. J.  The recovery was had against the defendant as the maker of two promissory notes of $500 each, one made on January 7, 1895, payable on demand, and one on April 8, 1895, at three months, payable to the order of Harris Ablovitch. The defense of usury was set up in the answer, but was disposed of adversely to the defendant by the verdict of the jury, and no question thereon is raised on this appeal. The issue of fact litigated at the trial, and the only question argued before us, is as to the ownership of the notes; the plaintiff claiming by a transfer from the payee, without indorsement, two weeks before his death. The answer averred ownership in the administrator of the deceased payee.

The plaintiff was the sister of the payee, Ablovitch, who was unmarried, and lived with her for about two years and a half before his death. She produced the notes in court, and her daughter, Lillie Lowenthal, 16 years of age, testified that about May 29, 1895, her uncle, the payee, gave the notes to her mother, saying, "You have been very kind, and I present these to you to collect and keep for yourself;" that he was then lying on a couch or lounge in his room, and had the notes under his pillow; that he had been ill, and growing worse, about three months before his death, which occurred about June 14th; that her uncle, Heyman Lowenthal, was present when the notes were delivered. The latter was not called as a witness by the plaintiff until her case in rebuttal, when his testimony was objected to by defendant as not in rebuttal, and was excluded. The witness Lillie Lowenthal was cross-examined at length as to the occurrence to which she testified, as to the desk in which the deceased kept his papers in his bedroom, as to his having retired from business, as to his business as being the discounting of notes, as to the illness of which he died (consumption), and as to the attendance of doctors and nurses. On defendant's

part, David Dreben, a friend of the deceased's, who used to assist in keeping his accounts and books, was called, and testified that about June 10th he saw the notes in the desk in the deceased's room, with his other papers, on an occasion when the deceased asked him to get a certain paper from it, and that, on that occasion, with the help of the deceased, he checked off 25 or 30 notes, among them those in suit. This witness' wife was a niece of the deceased, and, as one of his heirs, was interested in having these notes go into the administrator's hands. The defendant was called on his own behalf, and testified that the plaintiff offered to sell him his two notes for $600, and, when he asked her how she came to get them, she answered that it made no difference to him as long as he got them. Another niece of the deceased, Mrs. Ury, testified that she went to see him two or three times a week, and was with him from the afternoon of the day before he died; that she observed the plaintiff trying to get some papers from the desk without being observed; that the next morning she ordered the witness and the nurse several times to go out of the room, and the last time closed the door, went to the desk, on which there were papers, looked at the deceased, put the papers in her breast, and left the room. In rebuttal the plaintiff denied that she offered to sell the notes to the defendant for $600, and stated that he came to her house, and offered her $800, and she was willing to throw off $50 rather than have trouble. She denied having stolen the notes from the desk. The defendant, being recalled, denied the offer of $800.

The question was simply one of fact, and the verdict, being supported by competent and sufficient evidence, cannot be disturbed by us, if, indeed, appellant is in any condition to raise a question concerning the evidence, since he failed to move for a dismissal of the complaint or the direction of a verdict at the close of the case, thus conceding that there was sufficient evidence to carry the case to the jury. Barrett v. Railroad Co., 45 N. Y. 632; Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. S. 879.

The appellant claims that certain evidence was erroneously excluded. Thus, the witness Mrs. Ury was not allowed to answer the question who nursed the deceased during his illness; but it appears that evidence was immediately afterwards admitted that deceased had a day nurse and a night nurse, and the error, if any, was cured. Error is alleged in sustaining objections to the questions put to the plaintiff on cross-examination as to whether the deceased paid her board or contributed to her share of the expenses of her flat while living with her. The evidence sought to be elicited was immaterial, since plaintiff did not claim that the notes were given in payment of services or for an indebtedness, but that they were a gratuity, and in return for her kindness to him; and it is not to be presumed that such kindness consisted of free board to a man of ample means. It seems that some of the more delicate and onerous duties of the sick room were performed by the plaintiff at the request of the deceased, who preferred her to his nurses; and it was wholly immaterial, considering that she was his sister,

whether he paid board or contributed to her rent, if her sympathy and attention were calculated, in addition to the natural claims of kindred, to excite his gratitude and generosity.

Judgment affirmed, with costs. All concur.