(18 Misc. Rep. 461.)

## FOSTER v. MEEKS.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

PHYSICIANS—EMPLOYMENT—LIABILITY OF THIRD PERSONS.

One who requests a physician to attend another person professionally, without indicating that he acts as an agent or messenger, is liable for the physician's charges.

Appeal from Eighth district court.

Action by Thomas K. Foster against William S. Meeks for professional services. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John P. Herren, for appellant.

P. C. Talman, for respondent.

McADAM, J. The assignor of the plaintiff, Dr. Kennedy, a practicing physician in this city, rendered professional services to the defendant's father, now deceased. There is no dispute about the rendition of the services or their value. The question is one only of liability. The defendant contends that the claim is one against his father's estate; while the plaintiff asserts that there is no estate to look to, the father having left no property, and that the defendant, by his conduct, made himself personally liable. It appears that the defendant called upon Dr. Kennedy, and said: "Doctor, I want you to come and attend my father. He had a doctor who was not satisfactory." The doctor thereupon visited the father, and rendered the services for which compensation is claimed. After the death of the patient, the doctor sent his bill to the defendant, who replied that the estate should be charged with the amount; and there is evidence that the defendant told him to send the bill against the estate to his brother, and that he (the defendant) would see it would be paid. The justice, upon these facts, found in favor of the plaintiff, and the defendant appeals.

We think the testimony is sufficient to warrant the finding. If the father had requested the son to go for the doctor, and, acting on this authority as agent merely, the defendant had delivered the message to the doctor, no liability would have attached. But there is no evidence in the case that the father ever directed the defend-

ant to go for the doctor, and there is nothing from which it may be inferred that the defendant acted merely as a messenger. Indeed, his language would seem to negative that. He said, "Doctor, I want you to come and attend my father;" not that the father wanted the doctor to come, or that the defendant was acting in a representative capacity. The language fairly implies that the defendant was not acting as messenger, but on his own behalf. Where a person seeks to avoid personal liability for his acts, he should disclose that he is acting as agent only. Whitman v. Johnson, 10 Misc. Rep. 725, 31 N. Y. Supp. 1009; Story, Ag. § 266.

In Bradley v. Dodge, 45 How. Prac. 57, it was held that where a person called at the office of a physician, and, in the absence of the latter, left his business card (with, "Call on Mrs. D——, at No. 769 Broadway," written upon it) with a clerk in the office, requesting him to hand it to the physician, and to tell him to "come as soon as possible," such person becomes liable to pay the physician's bill in attending upon Mrs. D., in pursuance of the message. The defendant in that case relied upon Buck v. Amidon, 4 Daly, 126, 41 How. Prac. 370; but the court said:

"In that case the defendant exhibited to and left with the plaintiff the telegram he had received, which, as well as the other facts and circumstances, clearly showed .that he only acted as the agent of another party. In the case at bar, on the other hand, there was nothing on the card to indicate to the plaintiff, before he rendered the services, that the defendant had called at his office at Mrs. Day's request, and that he was therefore only acting as her messenger. The defendant might very readily have screened himself from all liability, by simply writing the memorandum on a blank card, or adding to that which he wrote on his own card something that would have apprised the plaintiff of the fact that he acted in the transaction for Mrs. Day, as her agent. Having neglected to do this, the plaintiff was, under the circumstances, justified in believing that he was employed, and would be paid, by the defendant; and that Mrs. Day's name was put on the card only for the purpose of indicating the person whom the defendant wished him to attend on his account. If, however, there can be any doubt on this point, the same is disposed of by the verdict of the jury [which was in favor of the plaintiff]."

See, also, Clark v. Waterman, 7 Vt. 76, 29 Am. Dec. 150.

In Buck v. Amidon, supra, the court said:

"While, upon an uncontroverted state of facts, the point involved remains doubtful, or, upon undisputed facts, inferences may be drawn either way, the question is one properly for the jury."

The justice having found for the plaintiff upon the facts, with the inferences to be drawn from them, his finding, like that of a jury, should not be disturbed.

In Crane v. Baudouine, 55 N. Y. 256, the referee had found all the facts relating to the alleged employment of the physician in favor of the defendant. The general term granted a new trial (65 Barb. 260); and the court of appeals, in reversing the general term, held that, on the facts found by the referee, his judgment was right. If the justice had found in favor of the defendant in this instance on the facts, that case would have been a strong authority in favor of sustaining the judgment; but, as the justice found the other way, it is inapplicable to the findings actually made. No motion to dismiss the complaint was made, and the parties thereby conceded that the question to be decided was one peculiarly of fact, and the

justice's finding thereon, in the light of the evidence presented, is sufficient to require an affirmance of the judgment. Lowenthal v. Copland, 41 N. Y. Supp. 8.

The judgment must be affirmed, with costs.   All concur.