FREEDMAN v. DICKINSON et al.

(Supreme Court, Appellate Term. December 17, 1903.)

1. APPEAL—COUNTERCLAIM—QUESTION NOT RAISED AT TRIAL.
    Where it was not suggested at the trial that a counterclaim was not allowable, that question cannot be raised on appeal.
2. SAME—REVIEW—WEIGHT OF EVIDENCE.
    After affirmance of a judgment by the General Term of the City Court of New York, the Supreme Court cannot pass on the weight of evidence.
3. SAME—SUFFICIENCY OF EVIDENCE.
    In the absence of an appropriate motion and exception at the trial, the Supreme Court will not consider the sufficiency of the evidence to support the verdict.
4. SAME—CONDUCT OF TRIAL.
    Where an appeal is first taken to the General Term of the City Court of New York, the Supreme Court can exercise no discretionary power as to the conduct of the trial, but may only pass on questions of law raised by exception in the trial court.
5. SAME—REARGUMENT—RECITALS IN ORDERS AND JUDGMENT.
    In reviewing the action of the General Term of the City Court of New York on a motion for a reargument of an appeal, the recitals contained in the orders and judgment set out in the record must be accepted as true.

Appeal from City Court of New York, General Term.

Action by Joseph Freedman against John Dickinson and another for conversion. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Reno R. Billington, for appellant.
Philip Carpenter, for respondents.

BISCHOFF, J. The appellant's insistence that the counterclaim was not allowable does not appear to have been suggested at the trial, and the submission of the issues to the jury upon the theory that a recovery could be had by the defendants presents no error of law for our review.

Certain general objections to the defendants' evidence were made, but these contained no hint that the counterclaim itself was not prop-

erly the subject of litigation before the jury, and there is no exception in the record to present any one of the grounds for reversal urged in the brief of counsel for the appellant.

We have no power to pass upon the weight of the evidence, after affirmance by the General Term; nor, in the absence of an appropriate motion and exception at the trial, may we consider the sufficiency of the evidence to support the verdict. Lowenthal v. Copland, 18 Misc. Rep. 6, 41 N. Y. Supp. 8.

This appeal having been taken first to the General Term of the City Court, we have no discretionary power to exercise in the matter of the conduct of the trial, and, under the well-settled rules governing an appeal of this character, we may only pass upon questions of law duly raised by exception in the court of original jurisdiction.

So far as the appellant complains of the disposal of the appeal by the General Term upon a motion for reargument, the papers before us present a case of absolute regularity; accepting, as we must, the recitals of fact contained in the orders and judgment.

Judgment affirmed, with costs. All concur.