## C. S. BIGELOW v. HARRY E. HILL.[1]

May 21, 1915.

Nos. 19,301—(145).

**Physician's services — implied promise to pay.**

Defendant requested plaintiff, a physician, to attend and treat defendant's niece, who was a member of his household, her parents having been divorced. He did not inform plaintiff that the patient was not his daughter or that he did not expect to pay for the services. Plaintiff supposed until after his second visit to the patient that she was defendant's daughter, but then learned that she was his niece. Defendant paid a bill for drugs and one for the services of a nurse. It is *held* that under the circumstances the trial court was justified in finding an implied promise by defendant to pay for the services of plaintiff.

Action in the municipal court of Mankato to recover $70.15 for medical services rendered defendant. The case was tried before Comstock, J., who made findings and ordered judgment for the amount demanded. Defendant's motion for a new trial was denied.

[1] Reported in 152 N. W. 763.

---

Note.—The question of liability of one who solicits the services of a physician or surgeon for another is discussed in a note in 46 L.R.A.(N.S.) 577.

From the judgment entered pursuant to the order for judgment, defendant appealed.    Affirmed.

*S. B. Wilson,* for appellant.

*C. O. Dailey,* for respondent.

BUNN, J.

Plaintiff is a physician in the village of Madison Lake.   Defendant resides with his wife and two small children on a farm about three miles from the village.   Myrtle Hill, a girl of 14, is defendant's niece, the daughter of his brother.   Her parents were divorced in 1907, and in the summer of 1912 Myrtle came to live with defendant and his wife.   In August she was very ill, and defendant's wife, with his consent, drove with her to plaintiff's office in Madison Lake. Mrs. Hill stated to plaintiff that "her girl" was sick and that she wanted him to see her.   Plaintiff diagnosed the case as blood-poisoning, gave her a treatment then and was given directions by Mrs. Hill how to reach the defendant's farm.   She told plaintiff to do everything necessary to the girl's recovery.   She did not tell him that Myrtle was not her daughter, and he assumed that she was until his second visit to the farm, when he was told that she was the daughter of defendant's brother.   He continued to attend and treat the case, and after the girl's recovery rendered defendant a bill for his services.   Defendant refused to pay, claiming that the debt was that of the girl's father.   This action was then brought and resulted in a decision in favor of plaintiff.   After the denial of a motion for a new trial judgment was entered on the decision and defendant appealed therefrom to this court.

Defendant testified that Myrtle was employed as a servant in his family, but the trial court found that she was a member of his household.   Defendant's wife, when she employed plaintiff, spoke of Myrtle as "my girl," and he supposed his patient was her daughter. Nothing was said to indicate to him that she was not, and nothing in the way of informing plaintiff that the person employing him did not expect to be held liable for his services.   It is true that the rule that, when one requests the performance of services by another, there is an implied promise to pay for the services rendered, does not apply

where a person requests a physician to perform services for a patient, unless the relation of that person to the patient is such as raises a legal obligation on his part to call a physician and pay for the services, or the circumstances are such as to show an intention on his part to pay for the services, it being so understood by him and the physician. 30 Cyc. 1597, and cases cited. It is also the law that a master is not ordinarily, in the absence of a contract obligation, liable for medical services furnished his servant, though furnished at the request of the master. 26 Cyc. 1049, and cases cited. And it is doubtless correct that the father would be liable for necessary medical attendance furnished his daughter, though the services are requested in his absence by another. But these rules do not necessarily control the decision of this case. Defendant knew that his wife was taking Myrtle to see plaintiff and consented. There appears to have been no thought then, or until the bill was presented, that defendant would not pay the doctor, just as he had paid the druggist and the nurse. It would have been easy to have informed the plaintiff that he would have to look to his patient's father for his pay, but he was allowed to render his services under the assumption that the child was defendant's daughter, or at least a member of his household whom he was supporting. Under these circumstances we think the trial court was justified in finding an implied promise by defendant to pay for the services rendered. See Grattop v. Rowheder, 1 Neb. (Unoff.) 660, 95 N. W. 679; Foster v. Meeks, 18 Misc. 461, 41 N. Y. Supp. 950.

Judgment affirmed.