# J. S. COLLINS v. PAT JOYCE AND ALFRED RASMUSSEN, DOING BUSINESS UNDER THE FIRM NAME OF JOYCE & RASMUSSEN.[1]

July 2, 1920.

No. 21,758.

**Employer's agreement to pay physician for treatment of injured workman.**

1. An employer, though operating under the Workmen's Compensation Act, may agree with a physician called by him to treat an injured employee, to pay the full value of the physician's services. The evidence in this case sustains a finding that defendants made such an agreement.

**Evidence of physician as to whom he extended credit.**

2. While the question to whom credit was given by the physician is in controversy, it is proper to permit him to testify that he rendered his services on the credit of the employer.

**Parol promise to pay receivable as an admission.**

3. Proof of a verbal assurance of payment, given after the services were rendered, though not admissible, under our statute of frauds, to prove a contract, may be properly received as an admission of a contract previously made.

Action in the district court for Houston county against Pat Joyce and Alfred Rasmussen, doing business as Joyce & Rasmussen, to recover $669.29 for medical services rendered Levi Boltz at the request of defendants. In their answer defendants offered judgment in the sum of $100. The case was tried before Catherwood, J., who when plaintiff rested denied defendants' motion for a directed verdict, and a jury which returned a verdict for $325. Defendants' motion for judgment in favor of plaintiff for $100 notwithstanding the verdict or for a new trial, was denied. From the order denying their motion for a new trial, defendants appealed. Affirmed.

*Duxbury & Duxbury,* for appellants.

*W. A. Deters,* for respondent.

[1]Reported in 178 N. W. 503.

HALLAM, J.

1. This action is brought by plaintiff, a physician and surgeon, to recover the value of hospital services and medicines. Plaintiff had a verdict for $325. Defendant appeals. The services were rendered at the request of defendants to one Levi Boltz, one of their employees, who was injured while in their employ. Defendants and Boltz were both within the scope of the Workmen's Compensation Act. That act made it the duty of defendants to provide Boltz with medical and surgical treatment and medicines and medical and surgical supplies, up to $100. The court administering the compensation act might, under certain conditions, allow $200. G. S. 1913, § 8212.

Defendants contend that, inasmuch as the statute made it the duty of defendants to provide this service for Boltz up to a certain amount only, a contract to pay more than that amount would not be implied from a request to perform this service, and that neither can a verdict be sustained for more than the amount fixed by the compensation law on the theory of an express contract.

We are not called upon to consider the principles of implied contract applicable to such cases, for this action is plainly based on an express contract and the trial court so submitted the case to the jury.

We see no good reason why defendants might not agree to furnish medical and hospital attention and supplies to their employee in excess of their statutory obligation, if they saw fit to do so, and no reason why they might not obligate themselves to pay plaintiff the full value of such services, furnished to their employee at their request. The question is did they so obligate themselves.

The evidence on behalf of plaintiff is, in substance, as follows:

Plaintiff testified that defendant Rasmussen called him and that, while they were on their way to attend Boltz, plaintiff asked "what about my pay?" and that Rasmussen said "we carry insurance, we get our money from the insurance company and then we pay you, you don't need to worry about that." The fact probably is that neither party thought or knew of the limitation of the compensation act. We think the jury might construe the language used as a contract to pay the value of the services plaintiff should render to Boltz.

2. Plaintiff was permitted to say that he performed his services on the credit of defendants and not of Boltz. This was proper. Defendants offered proof tending to show that he gave credit to Boltz. This was a material question in the case. It was proper that plaintiff should testify, directly, to whom credit was given. This is within the general rule that whenever the motive, belief or intention of any person is a material fact to be proved, it is competent to prove it by the direct testimony of such party. Berkey v. Judd, 22 Minn. 287, 297; Grout v. Stewart, 96 Minn. 230, 234, 104 N. W. 966; Timmerman v. Whiting, 118 Minn. 398, 403, 137 N. W. 9; Crandell v. White, 164 Mass. 54, 41 N. E. 204; Jarrell v. Young, 105 Md. 280, 66 Atl. 50, 23 L.R.A.(N.S.) 367, 12 Ann. Cas. 1; 1 Wigmore, Evidence, § 581.

3. Plaintiff was permitted to offer proof of a statement alleged to have been made by defendant Joyce to plaintiff after the services were performed as follows: "You needn't worry about your pay. We will see to it that you are paid. We took him down there and we are responsible for your payment." A verbal promise to pay for services already performed for another, is, of course, void under our statute of frauds. G. S. 1913, § 6998. We think, however, this evidence was properly received as an admission of the contract which plaintiff testified had previously been made.

Order affirmed.