R. C. VALENTINE, Appellee, v. B. A. MORGAN, Appellant.

DECEMBER 14, 1928.

C. H. E. Boardman and H. G. Cartwright, for appellant.

E. N. Farber, for appellee.

STEVENS, C. J.—I. This is an action on account for medical supplies, services, and board and room furnished by the Evangelical Deaconess Hospital of Marshalltown, Iowa, to Miss Helen Osgood. The appellee is the assignee of the account. The necessity for the services arose because of an automobile accident which occurred near Marshalltown on May 10, 1925. Miss Osgood, a stranger to appellant until the day on which the accident occurred, was the guest of his wife and himself on an automobile excursion into the country. When a short distance from Marshalltown, the automobile was overturned, and Mrs. Morgan and Miss Osgood severely injured. Dr. Harris was called by Miss Hayden, who observed the situation of the parties, with the consent of appellant. Dr. Harris started at once for the scene of the accident, but met appellant, a stranger, and the two injured women, in an automobile about three miles from Marshalltown. Appellant got into the automobile of Dr. Harris, and rode with him to the hospital, where two room were engaged for the accommodation of the injured parties. Upon their arrival, they were taken to the rooms, where Miss Osgood remained for several months. It is alleged in the petition that the room and services were furnished Miss Osgood at the instance and request of the appellant. A jury was waived, and the cause tried to the court, with the result stated.

Appellee does not claim that there was an express contract by which appellant bound himself to pay for the services rendered Miss Osgood. The evidence on behalf of appellee, briefly summarized, is, in substance, as follows: Dr. Harris testified that, immediately after appellant entered his automobile, he suggested that the women be taken to a hospital; that the Deaconess Hospital was agreed upon; that appellant told him to secure the two best rooms in the hospital; that, if he needed help or assistance he should not let expense stand in his way, and should give every possible care to the injured parties; that it did not make any difference what it cost him. The witness further testified that, upon arrival at the hospital, he and appellant went to the office, and that the witness told the attendant that appellant wanted the two best rooms in the hospital, one for his wife, and one for her friend, who had been badly hurt in an automobile accident. Appellant made no comment or objection to the statement or arrangement made at the hospital by Dr. Harris. Dr. Harris testified that, later, appellant told him to give Miss Osgood every attention, and if she needed a special nurse, to procure one for her. The attendant at the hospital with whom the arrangement was made for the room testified, in substance, to the same effect as Dr. Harris. Miss Osgood testified that, on the day she entered the hospital, she told appellant that she was worried about the expense, which she could not afford, and that appellant then said to her, "I will see that all your bills are paid." She further testified that similar conversations occurred at other times; that, upon one occasion, he requested her to secure a statement of the account, which she did, and gave it to him. Much of the testimony of the witnesses for appellee is denied by the appellant.

It is true that, where one who is under no legal obligation to pay therefor, merely calls a physician to attend another, in the presence of an emergency, the law does not imply a promise to pay for the services rendered. This doctrine, which is not limited to cases of emergency, rests upon sound considerations of public policy. *Holmes v. McKim*, 109 Iowa 245; *Whitney & Chadbourne v. Holloway*, 194 Iowa 1333. It is also the law that one who calls a physician to attend another to whom he is under no legal obligation may, by his acts and conduct, give rise to an implied promise to pay for the services rendered. *Fouke &*

*Lyon v. Jackson County*, 84 Iowa 616; *Ottumwa Mill & Const. Co. v. Manchester*, 139 Iowa 334; *In re Estate of Newson*, 206 Iowa 514. The services rendered by the hospital in this case cover a period of several months. During all of this time, appellant frequently visited Miss Osgood, for whom a special nurse was provided, and who appears to have been given the kind of attention desired by him. He does not appear to have at any time denied or repudiated the arrangement made on the day of the accident. He must have known that the services were rendered in reliance upon the conversation had between the attendant and Dr. Harris in his presence when the rooms were engaged. The statement made to the attendant was that appellant desired the two best rooms in the hospital. The question presented for our decision is not whether the preponderance of the evidence was in favor of appellee, but whether there was evidence to sustain the fact finding of the court. The finding of the court has support in the evidence.

II. The bookkeeper of the hospital, who gave testimony as to the account, was asked by counsel for appellant, on cross-examination, to state whether the account always stood on the ledger in his name. The court sustained an objection to the question, upon the ground that it did not call for the best evidence. Had the question been answered, it would have disclosed only a circumstance bearing upon the understanding on the part of the hospital authorities as to the character of the arrangement made. If it be assumed that the answer would have been favorable to the appellant, we think it could not possibly have changed the result. Appellant could easily have required the production of the books, but, of course, was not required to do so, to avail himself of error in the ruling, if any. The ruling was clearly without prejudice.

III. Miss Osgood, as stated, was permitted to testify to several conversations with appellant as to the payment of her expenses at the hospital. Although objection was made to this testimony, we think it clearly admissible. It bore directly upon appellant's knowledge and understanding of the arrangement. It is true that the conversation was not in the presence of anyone connected with the hospital, but the statements were in the nature

of admissions, and the objections were properly overruled. We find no reversible error in the record, and the judgment of the court is affirmed.—*Affirmed.*

All the justices concur.