HANNON, Respondent, v. INTERSTATE POWER COMPANY, Appellant.

(275 N. W. 358)

(File No. 8059. Opinion filed October 5, 1937)

*Parliman & Parliman,* of Sioux Falls, for Appellant.
*Krause & Krause,* of Dell Rapids, for Respondent.

RUDOLPH, P. J. This is an action at law to recover the value of plaintiff's services as a physician. The trial court submitted the case to the jury and the jury returned a verdict in favor of the plaintiff. The defendant has appealed from the judgment entered.

The facts disclose that the plaintiff is a physician living in the town of Hartford, S. D. The defendant operates a power company in the vicinity of Hartford. One Lawrence Severson was employed by the defendant and, while in its employ and in the discharge of his duties, suffered an injury. The plaintiff was called to treat and care for Severson. Mr. Preston, who was the district manager of the defendant company, had on prior occasions employed plaintiff to take care of injured employees. Shortly after the plaintiff commenced treating Mr. Severson for his injuries, Mr. Preston called plaintiff over the telephone and asked that he come to plaintiff's office. It was impossible for the plaintiff to go to his office at that time and then Mr. Preston inquired concerning

Mr. Severson. In answer to this inquiry the plaintiff replied that Severson was quite sick and said: "I may have to take him to the hospital." In reply to this statement Mr. Preston advised plaintiff as follows: "Well, you do whatever is necessary to take care of him." The defendant company and the employee, Severson, at the time in question were operating under the Workmen's Compensation Law of this state (section 9436 to 9491, R. C, 1919, and acts amendatory thereto).

 Appellant's first assignment of error questions the jurisdiction of the court. Appellant contends that the circuit court had no jurisdiction in this case for the reason that the defendant was operating under the Workmen's Compensation Law of this state, and that the industrial commissioner had exclusive jurisdiction. We are unable to agree with this contention of respondent. It is true that as between employer and employee the remedy under the Workmen's Compensation Act is exclusive. Freese v. Morrell & Co., 58 S. D. 634, 237 N. W. 886. By the terms of the act, itself, every contract of service between an employer and employee within the scope of the Compensation Law is charged with the provisions of that law (section 9437, R. C. 1919) unless the employer or employee has exempted himself therefrom. However, physicians are neither employers or employees within the meaning of the act and are not within the class of persons who can either elect or refuse to come under the provisions of the law. A good statement appears in the case of Ross v. Austin Drilling Co., 131 Kan. 824, 293 P. 757, 758, which finds general support among the authorities: "The Compensation Act, therefore, does not represent a contract either between the physician and the injured workman, or between the physician and the employer of the workman. There is nothing in the Compensation Act which prevents either an employer or employee from making a contract with the physician for services, as such contracts are usually made, and a contract when so made with the physician is free from the terms of the Compensation Act, unless, of course, that act is specifically made a part thereof." And as stated in the note in 72 A. L. R. 1016: "A workmen's compensation act does not deprive a physician of the right to recover against an employer for services rendered to an injured employee, under a contract with the employer, expressed or implied." See, also,

Noer v. G. W. Jones Lumber Co., 170 Wis. 419, 175 N. W. 784; Augustus v. Lewin, 224 Ill. App. 376; Ferren v. S. D. Warren Co., 124 Me. 32, 125 A. 392; White's Case, 126 Me. 105, 136 A. 455; Integrity Mut. Casualty Co. v. State Industrial Commission, 87 Okl. 92, 209 P. 653; Wilson Drilling Co. v. Beyer, 138 Okl. 248, 280 P. 846; Feldstein v. Buick Motor Co., 115 Misc. 170, 187 N. Y. S. 417; Weinreb v. Harlem Bkery & Lunch Room, 204 App. Div. 293, 197 N. Y. S. 833; Capron v. Utica Ice Co., 127 Misc. 848, 217 N. Y. S. 732; Bock v. P. J. Keogan, Inc., 128 Misc. 189, 218 N. Y. S. 83; Collins v. Joyce & Rasmussen, 146 Minn. 233, 178 N. W. 503; In re Meyers, 64 Ind. App. 602, 116 N. E. 314.

█ Appellant contends that section 9477, R .C. 1919, which provides that "fees of * * * physicians for service under this article shall be subject to the approval of the industrial commissioner," indicates that the only remedy of this physician is to have his claim passed upon by the industrial commissioner. We are of the opinion that this section has no reference to a contract of employment between a physician and employer. The justification for similar provisions found in workmen's compensation acts is to be found in the police power of the states, on the theory that the public has an interest in seeing that the employee's compensation is not dissipated by the payment of excessive fees. May v. Chas. Hoertz & Son, et al., 204 Mich. 432, 170 N. W. 305; Dysart v. Yeiser, 110 Neb. 65, 192 N. W. 953; National Car Coupler Co. v. Sullivan, 73 Ind. App. 442, 126 N. E. 494; Lasley v. Tazewell Coal Co., 223 Ill. App. 462. Obviously, this underlying justification for the law has no application to a contract between physician and employer. For a good discussion, see the case of Lasley v. Tazewell Coal Co., supra, where under a statute identical with ours it was held that the industrial commissioner had no jurisdiction to pass upon fees of a physician employed by the employer. See, also, Noer v. G. W. Jones Lumber Co., supra; and other cases above cited. We are of the opinion that the circuit court had jurisdiction.

██ Appellant next contends that the evidence fails to disclose any contract between plaintiff and defendant sufficient upon which to predicate a recovery in this case. Appellant relies principally upon the case of Shirley v. Madsen, 52 S. D. 43, 216 N. W. 601, 604, wherein this court held: "To hold a party liable for

medical services performed for the benefit of one for whom such party is not legally bound to furnish such service, there must be a contract, express or implied, to that effect." The rule thus announced is well-established law, but it is further well established that circumstances including acts and conduct are sufficient to show an intention on the part of one requesting the services of a physician for a third person to pay for those services and when so understood by the physician constitutes an enforceable contract. Valentine v. Morgan, 207 Iowa 232, 222 N. W. 412; Ghio v. Schaper Bros. Mercantile Co., 180 Mo. App. 686, 163 S. W. 551; Bigelow v. Hill, 129 Minn. 399, 152 N. W. 763; Morrell v. Lawrence, 203 Mo. 363, 101 S. W. 571, 120 Am. St. Rep. 660, 11 Ann. Cas. 650; Collins v. Joyce & Rasmussen, supra; Ross v. Austin Drilling Co., supra. We are satisfied that the facts and circumstances here disclosed were sufficient upon which the jury might find a mutual intention on the part of the parties to contract. That the plaintiff understood it was the intention of the defendant to pay for these services is without dispute in this record. The facts and circumstances disclosing defendant's intention are sufficient in our opinion to justify the verdict of the jury. The plaintiff had been employed by the defendant to treat its employees on prior occasions. Under the Workmen's Compensation Law there was a duty upon the defendant to provide this injured employee with medical services to the extent of $100, the amount claimed by the plaintiff. Subdivision 1, section 9459, R. C. 1919, as amended by chapter 222, Laws 1927. We think these facts are clearly sufficient to distinguish this case from Shirley v. Madsen, supra. Here we have a situation where a physician was employed by the defendant company on prior occasions to treat its employees; the defendant company under the laws of this state was obligated to furnish to its employees injured in its service medical care and attention to the amount claimed; the manager of the company called the plaintiff and told him to do whatever was necessary to take care of the injured employee. Clearly, we think this is sufficient upon which the jury might find an intention on the part of the defendant to pay the plaintiff for his services.

The judgment appealed from is affirmed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, J., dissents.