ANDREW, Respondent, vs. BRECKER, Appellant.

*November 12—December 6, 1938.*

For the appellant there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *L. A. Brunckhorst.* *Elton S. Karrmann* of Platteville, for the respondent.

FRITZ, J.  By the judgment appealed from the plaintiff was awarded a recovery from the defendant for medical services and hospitalization rendered by the plaintiff as a physician in the treatment and care of Harold Morris.  In passing upon the issues on this appeal, it suffices to note the following matters.  Morris was injured on March 27, 1937, while doing farm work for the defendant, but it was doubtful whether the Workmen's Compensation Act was applicable so as to require the defendant to provide medical services, etc., for Morris.  He went to his sister's home and Dr. Wheeler, who was called to treat him, was to call again the next morning.

However, instead of having him continue, the plaintiff was called, but there is a conflict in the evidence as to whether or not the defendant requested him to examine Morris. The plaintiff did examine Morris, on March 28, 1937, at his sister's home, and stated that hospitalization was necessary and that he would return in the afternoon. When he did return the defendant was there; and the plaintiff testified on the trial that while there the defendant stated that he should render such medical treatment and hospitalization as was necessary to treat Morris' injury, and that the defendant would pay for it. Thereupon Morris was removed by the plaintiff to his hospital, and the defendant also went and stayed there while Morris was examined by the plaintiff and X-rayed, and an interpretation thereof given to the defendant. The plaintiff testified that on that occasion the defendant again repeated that he would pay for the case, and there is testimony by another physician, a dentist and a nurse, who were at the hospital at that time, that they then heard the defendant say he would pay for the plaintiff's services. On the other hand, the defendant testified that he never requested the plaintiff to render such services, and never stated that he would pay for them. While Morris remained at the hospital, the defendant called on him several times and kept in touch with his treatment. All charges for the services and hospitalization were entered currently against defendant on plaintiff's books, and several payments to plaintiff were made by checks issued by the defendant, in some of which the plaintiff was the named payee. A statement of the account for the services at the hospital, mailed on June 9, 1937, was received by the defendant, and on June 14, 1937, the plaintiff received another check from the defendant with the notation "H. Morris Acct." The plaintiff claims that the defendant did not disclaim responsibility for the services until a day or two prior to July 9, 1937, and the defendant offered proof on the trial that the amounts

which he had paid on the account by his checks were deducted from the wages which he continued to pay Morris.

In a special verdict the jury found (1) that defendant on March 28, 1937, requested the plaintiff to render such medical treatment and hospitalization as was necessary to properly treat Morris' injury; but (2) that at that time and immediately following that request the defendant did not state to the plaintiff that he would pay him for such medical treatment and hospitalization. Each of the parties moved for judgment on the verdict. The court granted plaintiff's motion for judgment and, in connection therewith, filed the following additional findings and conclusions of law:

"That the circumstances, including the acts and conduct of the defendant were sufficient to show an intention on the part of the defendant to pay for the services and hospitalization . . . and were so understood by the plaintiff and the defendant; that the plaintiff gave exclusive credit to the defendant for the services and hospitalization so rendered; that said services and hospitalization were reasonably worth the sum of $206.50; and, as a conclusion of law, that there was an implied contract, whereby the defendant was liable to the plaintiff for [$206.50] the medical services and hospitalization rendered. . . . "

In seeking a reversal of the judgment, the defendant contends that in the absence of an express contract he cannot be held liable for medical services rendered at his request by the plaintiff to Morris to whom the defendant was not legally bound to furnish such services. It is true that the general rule is that the law does not raise an implied promise on the part of a person who requests a physician to render services to another, unless the relation of such person to the patient is such as puts him under a legal obligation to provide medical attention for the patient. 48 C. J. p. 1163, § 185; 48 C. J. p. 1169, § 199; 21 R. C. L. p. 412, § 55. However, there is an exception to that general rule, and it does not control if

there is such proof of circumstances, including acts and conduct of the person who calls the physician, as establishes an intention on the part of that person to pay for the services. 48 C. J. pp. 1163, 1164, § 185; *Douglass v. Brandt,* 99 Conn. 161, 121 Atl. 179; *Becker v. Humphries,* 34 Ga. App. 644, 130 S. E. 379; *Valentine v. Morgan,* 207 Iowa, 232, 222 N. W. 412; *Bigelow v. Hill,* 129 Minn. 399, 401, 152 N. W. 763; *Ghio v. Schaper Bros. Mercantile Co.* 180 Mo. App. 686, 163 S. W. 551; *Crane v. Baudouine,* 55 N. Y. 256 (rev. 65 Barb. 260); *Edson v. Hammond,* 142 App. Div. 693, 700, 127 N. Y. Supp. 359; *Hannon v. Interstate Power Co.* 65 S. D. 493, 275 N. W. 358. That exception to the general rule was also recognized in *Benton v. Stadler,* 203 Wis. 536, 234 N. W. 739, in which a father was held liable for the plaintiff's services as a physician in treating an adult daughter, although it was not contended that the father was liable because of the family relation.

In applying that exception in the case at bar, the trial court rightly concluded,—

"This is not a case of a physician being called in an emergency, and there is nothing in the evidence to show that the defendant was acting as the agent of or as a messenger for the said Morris, and I think there can be no question but that the plaintiff understood from all the circumstances and the acts and conduct of the defendant that the defendant was to pay him for his services, as he charged defendant on his books for all his services, and I must find that the plaintiff did understand that the defendant was to pay him for his services.

"My conclusion is that even if the defendant did not in exact words tell plaintiff he would pay him for his services, that, under the circumstances shown and the acts and conduct of the defendant in connection with the employment of plaintiff, facts are established from which a promise by defendant to pay plaintiff for his services must be inferred."

However, the defendant contends that the case was tried and submitted for a special verdict upon the theory or basis

of an express contract, and therefore it could not be changed after trial to an action upon implied contract, and a recovery adjudged on that theory. The defendant argues that the question of implied contract was never in the case because the pleadings and evidence point only to an express contract; that by the jury's findings that the rendering of the services by the plaintiff was requested by the defendant on March 28, 1937, but that he did not state then, immediately following that request, that he would pay plaintiff therefor, the jury passed upon and decided favorably to the defendant the issues as to an implied, as well as express, contract; and that consequently the court could not assume under sec. 270.28, Stats., to make a special finding on implied contract upon the theory that some controverted matter of fact not brought to the attention of the trial court was omitted from the verdict. In support thereof, the defendant relies upon the statement in *Cooper v. Huerth,* 156 Wis. 346, 350, 146 N. W. 485, that,—

"It was a misuse of sec. 2858*m*, Stats., to submit to the jury the cause upon one theory and then dispose of it upon another, referring to sec. 2858*m* for assistance. That section was not intended as an instrumentality for any such use." See also *Mullen v. Larson-Morgan Co.* 212 Wis. 52, 249 N. W. 67.

The contentions that the question of implied contract was not in the case under the pleadings and evidence, and that the case was tried and submitted for a special verdict solely upon the theory or basis of an express contract, cannot be sustained. The complaint as filed was to recover solely on an implied contract. Upon defendant's demurrer *ore tenus,* he argued that plaintiff could not recover in the absence of alleging and proving an express contract. Neither the plaintiff nor the court acquiesced in that argument, but, at the latter's suggestion the plaintiff consented to add, after the alle-

gation in his complaint that his work, labor, and services were "rendered by the plaintiff to the defendant, at his special instance and request," the following words, "for which the defendant agreed to pay plaintiff." The addition of merely those words did not necessarily change the cause of action alleged from implied to express contract, and to entitle the plaintiff to recover, the agreement proven did not have to be an express contract. As there were still in the complaint allegations which were appropriate in stating a cause of action on implied contract, it was still within the issues under the pleadings for the court to determine as it did whether there was liability on the part of the defendant under an implied contract. The jury's finding that defendant did not also state immediately following his request that plaintiff render the services that he would pay plaintiff therefor decided merely that no express promise or contract was made on that occasion. It did not necessarily decide, as the defendant contends, that there was neither an express nor an implied contract, and consequently it did not preclude still finding and concluding that by reason of other acts and conduct of the defendant, showing an intention on his part to pay plaintiff, there was an implied contract on his part to do so. As neither party requested the submittal of that issue to the jury, and the court made a finding thereon and entered judgment in conformity therewith, there is applicable the rule that,—

"When some controverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on such matter shall be deemed a waiver of jury trial *pro tanto.*" Sec. 270.28, Stats.; *Lefebvre v. Autoist Mut. Ins. Co.* 205 Wis. 115, 236 N. W. 684; *Schumacher v. Carl G. Neumann D. & I. Co.* 206 Wis. 220, 239 N. W. 459; *Patter-*

*son v. Edgerton Sand & Gravel Co.* 227 Wis. 11, 277 N. W. 636.

It follows that the court was warranted in entering the judgment under review, and that there is no substantial reason why there should be a new trial, even if the defendant had applied therefor in the trial court.

*By the Court.*—Judgment affirmed.