**URBANIAK IMPLEMENT CO. and the Estate of Stanley T. Urbaniak, Respondents,**

**v.**

**Donovan MONSRUD, Appellant.**

**No. C1–82–1162.**

Supreme Court of Minnesota.

July 15, 1983.

Martin Berg, Roseau, for appellant.

Brink, Sobolik, Severson & Broon and Robert K. Severson, Hallock, for respondents.

SIMONETT, Justice.

Respondent plaintiffs, Urbaniak Implement Co. and the Estate of Stanley T. Urbaniak, were granted summary judgment for $74,500 in their lawsuit to recover on three promissory notes executed by the appellant defendant, Donovan Monsrud. Concluding that appellant sufficiently raised a genuine issue of material fact, we reverse.

Appellant Donovan Monsrud is a farmer in Roseau County. Over a period of some

years he purchased farm machinery from Stanley Urbaniak and the Urbaniak Implement Company. Monsrud and Urbaniak conducted their business very informally; the implement company apparently kept very poor business records and Monsrud kept none. Purchases, repairs and parts were charged on open account. Urbaniak never billed appellant nor informed him of the amount owed. At times, when Monsrud could not afford to pay on his account, Urbaniak would tell him, "Don't worry about it * * *. You'll have a better year."

After Urbaniak died in December 1980, his estate attempted to collect the debts owing the implement company. The estate's attorney sent defendant Monsrud a letter stating that "[t]he files brought to us by the Urbaniaks indicate that you presently owe the sum of $72,278.09 either to the estate or to one of the corporations." A similar letter was also sent for an additional $2,500. The two letters asked Monsrud to confirm the amounts owing. Thereafter Monsrud went to the attorney's office and signed three notes for a total of $74,500.

Monsrud did not pay the notes, and this lawsuit was commenced. Defendant Monsrud interposed an answer admitting execution of the notes and asserting without any factual allegations 15 affirmative defenses, including fraud and usury. Plaintiffs deposed Monsrud, then moved for summary judgment. Monsrud filed his affidavit in opposition to the motion claiming that in view of the pretrial discovery evidence it appeared that the notes he signed either fraudulently misrepresented the amount he owed or computed interest at a usurious rate. The trial court granted summary judgment, stating that the defendant had "not presented any specific facts in support of his claim." Monsrud appeals from the judgment.

■ 1. There is no merit to the usury defense. The promissory notes signed by appellant provide for interest running from December 25, 1980, the date of Urbaniak's death. The parties had previously conducted business on an open account basis, and it appears they treated the account as closed, and thus due and payable, from the date of Urbaniak's death. It is not enough in an affidavit to allege in argumentative and conclusory fashion that a debt is usurious; the affidavit which seeks to oppose successfully a motion for summary judgment must set out that "specific facts are in existence which create a genuine issue for trial." *Erickson v. General United Life Insurance Co.*, 256 N.W.2d 255, 259 (Minn.1977).

2. The fraud defense, however, is more troublesome, especially on the cryptic record before us. While it is a close question, we conclude a genuine issue of material fact is raised as to fraud.

Plaintiff-respondents sue on the promissory notes. They correctly point out that the production of the notes, voluntarily executed by appellant Monsrud, establishes a prima facie case for recovery and that it is for Monsrud affirmatively to establish his defense. Minn.Stat. § 336.3–307(2) (1982).

Minn.R.Civ.P. 9.02 requires that in all averments of fraud "the circumstances constituting fraud or mistake shall be stated with particularity." Defendant Monsrud's answer alleges no facts. Monsrud's affidavit in opposition to the motion for summary judgment does, however, ask for leave to amend his answer with respect to fraud (although without setting out the proposed amendment). In his affidavit, Monsrud relies on a handwritten memo from Kenneth Urbaniak to his counsel, which lists six pieces of farm equipment in Monsrud's possession that had been purchased from Urbaniak Implement Company for $36,260. Seizing on this memo, and deducting for items that had been repossessed and sold, Monsrud concludes that his debt could not exceed $20,260 "plus a small additional sum for equipment repair," and, consequently, "it appears that there has been a fraud upon your affiant."

This large disparity, if true, between the balance of the account and the amount of the notes would raise an inference of fraud. The difficulty with appellant's argument, however, is that the memo does not purport to show all purchases, trades and transactions between the parties; it states on its

face that it is no more than a memo from Kenneth Urbaniak to his lawyer of the original purchase price and the estimated depreciated value of the farm machinery in Monsrud's possession as of the date of Urbaniak's death.

Defendant Monsrud admits in his deposition that he does not know how much he owes but says that $74,500 "does not feel right." Monsrud admits that he made no objection to either the amount of the account nor the validity of the notes until after the lawsuit was started, and, indeed, during this interim period, he tried to raise money to pay the notes.

This is not a lawsuit on the underlying debt but on the promissory notes.[1] Therefore, it was not plaintiffs' burden in this lawsuit to establish the nature and extent of the parties' business dealings. The letter from the estate's attorney says that the amount of the debt was based on the files and records of the Urbaniak Implement Company, but what these files and records might be, we have no way of knowing. We do not even know how many years Monsrud and Urbaniak did business together.

Nevertheless, in his deposition, Monsrud was questioned about a cultivator, disk, harrow, combine, a 1950 Oliver tractor, and a Steiger tractor, and he then stated that this was the only equipment on which he still owed the implement company. If this is true, and if one further credits Monsrud's testimony about his deductions, it appears that the Urbaniak estate may have charged $46,240 for parts, repairs and the unpaid debt on the 1950 Oliver tractor. The debt on the Oliver tractor would have been reduced by its value upon trade-in, presumably leaving an amount owing somewhat less than the $17,500 purchase price of the Steiger tractor. Thus the great bulk of the remaining $46,240 principal balance must apparently be attributable, if respondents are to prevail, to undocumented items

for parts and repairs, which seems unlikely. One wonders, too, why one of the notes provided for a $15,000 discount if paid before due. On this record, at least, we conclude that there is a fact issue to try.

On remand, appellant Monsrud should be granted leave to amend his complaint and required to allege with particularity his fraud claim. Perhaps further discovery will provide the basis for a renewal of plaintiffs' motion for summary judgment, or, if a fact issue remains, the matter will proceed to trial.

Reversed.

---

1. Appellant Monsrud also pleaded but apparently has abandoned, and quite properly so, the defense of want or failure of consideration. "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 336.3–305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." Minn.Stat. § 336.3–408 (1982).