**Sharon GUTWEIN, individually and as parent and guardian of Rhonda Gutwein, Appellant,**

v.

**Jack A. EDWARDS and Villa Foods, Inc., d/b/a Edwardo's, Respondents.**

**No. C4-87-1983.**

Court of Appeals of Minnesota.

March 1, 1988.

Terrence M. Walters, Walters & McCaleb, Rochester, for Sharon Gutwein.

James C. Nordstrom, Klampe & Nordstrom, Rochester, for Rhonda Gutwein.

Jeffrey M. Bauer, Foster, Waldeck & Lind, Ltd., Minneapolis, for respondents.

Considered and decided by WOZNIAK, C.J., and PARKER and SCHUMACHER, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

Appellant Sharon Gutwein commenced this action pursuant to Minn.Stat. § 340.95 (1984) after her husband was killed in a car accident. She claimed respondent Edwar-

do's bar sold intoxicating beverages to Ronald Gutwein when he was obviously intoxicated in violation of Minn.Stat. § 340.14 (1984). She appeals the trial court's grant of summary judgment in respondent's favor. We reverse and remand.

## FACTS

Ronald Gutwein was killed as a result of a head-on automobile collision on March 18, 1985. Gutwein had been drinking beer at respondent's premises prior to the accident. Appellant Sharon Gutwein subsequently initiated this action against respondent pursuant to Minn.Stat. § 340.95.

The interrogatories and affidavits submitted by the parties revealed a number of witnesses who saw Gutwein at respondent's premises prior to the accident. The witnesses observed him arrive at the bar between approximately 2:00 to 3:00 p.m. and leave somewhere between 6:30 to 8:00 p.m. He allegedly consumed between 6–8 beers during this time, although appellant claims he may have consumed more beer.

The interrogatories, affidavits, pleadings, and other discovery submitted by the parties established that no witness observed Gutwein exhibiting obvious signs of intoxication while he was present at respondent's bar.

In response to respondent's summary judgment motion claiming there was insufficient evidence of the sale of intoxicating beverages to an obviously intoxicated person, appellant submitted affidavits for the purposes of showing that Gutwein was obviously intoxicated. She submitted the affidavit of a deputy sheriff who shortly before the accident was notified, but did not witness, that the vehicle driven by Gutwein was traveling in a reckless manner and appeared to be operated by an intoxicated driver. The civilian who identified Gutwein's vehicle traveling in a reckless fashion also was identified and listed as a witness.

A second affidavit contained the statement of an Olmsted County Deputy Sheriff who arrested Gutwein on November 12, 1984, for driving while under the influence of alcohol. The affidavit indicated that

Gutwein exhibited obvious signs of intoxication during field sobriety tests at a time when his blood-alcohol concentration was tested at .15.

Finally, appellant submitted the affidavit of the Olmsted County coroner, who also is a staff physician with the Mayo Clinic in Rochester, Minnesota. The physician noted that Gutwein was suffering from acute ethanol intoxication, had a blood-alcohol level of .22, and that in his opinion intoxication would have been "reasonably evident or apparent."

The trial court granted respondent's motion for summary judgment. The court found the evidence sufficiently demonstrated that Gutwein was intoxicated, and that he spent a considerable amount of time at respondent's premises the day of the accident. However, the court found that there was no evidence that Gutwein was obviously intoxicated while he was at respondent's bar. The court found there was not even clear evidence that Gutwein was sold intoxicating beverages. The court noted that not all intoxicated people exhibit noticeable signs of intoxication. Because there was no evidence that respondent illegally sold alcoholic beverages to an obviously intoxicated person in violation of Minn.Stat. §§ 340.14 and 340.95, the trial court granted respondent's motion for summary judgment.

## ISSUE

Did the trial court err in granting respondent's motion for summary judgment?

## ANALYSIS

A motion for summary judgment will be granted under Minn.R.Civ.P. 56.03 if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

On appeal from summary judgment, an appellate court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayza-*

*ta Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The evidence must be viewed in the light most favorable to the party against whom summary judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

Minn.Stat. § 340.95 (now Minn.Stat. § 340A.801 (1986)) imposed liability, for damages caused by an intoxicated person, upon a liquor vendor "who, by illegally selling or bartering intoxicating liquors * * * caused the intoxication" of the individual served. Minn.Stat. § 340.14 (now Minn.Stat. § 340A.504 (1986)) defined an illegal sale of intoxicating liquor as one to "any person obviously intoxicated." In turn, the Minnesota Supreme Court has defined the obvious intoxication standard as follows:

> [T]here must be such outward manifestation of intoxication that a person, using * * * reasonable powers of observation can see or should see that such person has become intoxicated.

*Strand v. Village of Watson*, 245 Minn. 414, 422, 72 N.W.2d 609, 615 (1955).

Here, there is no direct evidence or witness observation demonstrating that Gutwein was obviously intoxicated when he was sold alcoholic beverages. The witnesses indicated that Gutwein appeared fine, rather than intoxicated. Independent evidence relied upon by appellant demonstrates that Gutwein could have been in the bar anywhere from 3½ to 6 hours and consumed from 6 to 8 beers or more.

Further, the Gutweins submitted evidence that a witness observed Gutwein's car traveling erratically just prior to the accident, that his blood-alcohol level equaled .22, and that the county coroner believed Gutwein would have exhibited obvious signs of intoxication at a .22 blood-alcohol level. They also offered evidence indicating that Gutwein exhibited obvious signs of intoxication at a blood-alcohol level of only .15 when he was stopped for driving under the influence of alcohol on November 12, 1984.

Although a blood test may be admitted to assist the trier of fact in determining

whether the buyer was obviously intoxicated, the test is insufficient in and of itself to establish a prima facie case of obvious intoxication. *Harden v. Seventh Rib, Inc.,* 311 Minn. 27, 33, 247 N.W.2d 42, 46 (1976); *Strand v. Village of Watson,* 245 Minn. 414, 422, 72 N.W.2d 609, 615 (1955). There must be additional evidence from which it reasonably could be inferred that an individual was obviously intoxicated. *Strand,* 245 Minn. at 423, 72 N.W.2d at 616.

In *Strand,* the court found the evidence presented a fact question that an individual was obviously intoxicated when the plaintiff demonstrated a blood-alcohol level of .27, that the accident occurred 45 minutes after leaving the bar, submitted expert testimony, and submitted the testimony of a witness who could "tell [the alcohol purchaser] had been drinking." *Id.* at 416, 72 N.W.2d at 612. While the witness in *Strand* could tell the individual had been drinking, he would not say the individual was intoxicated. Although the court found this minimal evidence unconvincing, it nonetheless found that the evidence presented a fact question. *Id.* at 424, 72 N.W.2d at 616.

In *Jaros v. Warroad Municipal Liquor Store,* 303 Minn. 289, 227 N.W.2d 376 (1975), the Minnesota Supreme Court found that sufficient evidence of obvious intoxication included: the decedent was a heavy drinker, he was in the bar for at least 5½ hours, was disoriented shortly before he left the bar, and that the accident itself gave a strong indicia of intoxication. *Id.* at 296–97, 227 N.W.2d at 381–82.

This court recently held that circumstantial evidence was sufficient to create a fact question regarding obvious intoxication even though there was no direct evidence or witness testimony that the patron was obviously intoxicated when he was sold liquor. *Larson v. Carchedi,* 419 N.W.2d 132 (Minn.Ct.App.1988). In *Larson,* the evidence included the following: the patron admitted to consuming a large number of intoxicating beverages, he drank at a number of locations, drove his automobile erratically, and was arrested for DWI with a .17 blood-alcohol level. The proposed testimo-

ny of a toxicologist was submitted to show the patron's blood-alcohol level at the different locations throughout the afternoon and evening, and that the patron would have exhibited obvious signs of intoxication. In determining that the direct and circumstantial evidence created a fact question, this court held as follows:

> When viewed, as a whole, the evidence, both direct and circumstantial, creates a question of material fact for the jury. While this is technically and practically speaking a difficult case to prove, the fact that plaintiff may not prevail at trial is not grounds for denying his day in court. Where there are questions of material fact to be decided, a trial must be granted.

*Id.* at 136 (citation omitted).

We adhere to our ruling in *Larson* and find that the totality of the direct and circumstantial evidence creates a genuine issue of material fact. Viewed as a whole, Gutwein's .22 blood-alcohol level, the length of time in the bar, the number of drinks consumed, erratic driving, and the circumstances surrounding the accident, create at least a minimal fact question. As in *Larson,* we are hesitant to deny the Gutweins their day in court because they may be unsuccessful at trial. Therefore, we reverse the trial court's award of summary judgment in respondent's favor and remand for the appropriate proceedings.

In addition, respondent asserts that the affidavits of the law enforcement personnel and county coroner were fatally defective and could not be considered by the trial court. Minn.R.Civ.P. 56.05 provides:

> [A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Statements must contain more than unsupported conclusionary facts and unwarranted opinions or legal conclusions. *Urbaniak Implement Co. v. Monsrud,* 336 N.W. 2d 286, 287 (Minn.1983). An affidavit completed by an individual who may not properly testify at trial will have no effect.

*Peterson v. American Family Mutual Ins. Co.*, 280 Minn. 482, 487, 160 N.W.2d 541, 545 (1968).

Respondent states that the trial court disregarded the affidavits; however, the trial court's memorandum indicates that the court considered most of the affidavits even in finding no question of fact. Reviewing the affidavits to determine admissibility raises a question of law.

 The affidavits relating to Gutwein's erratic driving are inadmissible hearsay. While this affidavit properly may be disregarded, the appellant corrected the defect by listing in supplemental interrogatories the eye witness who would testify as to the erratic driving.

 The portion of the deputy's affidavit that relates to his observation of the accident scene is both competent and reflects personal knowledge. The Minnesota Supreme Court has ruled the circumstances surrounding such an accident constitute a factor in determining obvious intoxication. *Jaros,* 303 Minn. at 297–98, 227 N.W.2d at 381–82.

 Although the relevance of the deputy's affidavit regarding the 1984 DWI arrest is minimal, the affiant had personal knowledge and was competent to testify as to the arrest. It does not appear the trial court considered this particular affidavit in ruling upon the motion for summary judgment. At any rate, the facts derived from the additional affidavits and other sources sufficiently raise a question of fact.

 Finally, respondent claims the affidavit of the Olmsted County coroner is fatally defective. The coroner did not perform the autopsy, is not a toxicologist, and apparently was not involved in the testing process. Respondent notes that it is necessary to consider the deceased's drinking habits, food consumed, height, weight, medication, and time factors when considering if the .22 blood-alcohol level forms a sufficient basis to conclude whether Gutwein was obviously intoxicated. The affidavit merely states the coroner's opinion that visible signs of intoxication would be evident, without reference to anything other than the blood-alcohol level. Although the affidavit may be competent as to the blood-alcohol level alone, without the proper foundation or analysis, it does not appear the coroner's bare opinion would be admissible.

In the end, we find the evidence as a whole and admissible portions of the affidavits submitted by the parties present an adequate question of fact requiring reversal of the trial court's grant of summary judgment in favor of respondent.

## DECISION

The direct and circumstantial evidence, viewed in its entirety, raises genuine issues of material fact as to the obvious intoxication of Ronald Gutwein when he was sold intoxicating beverages by respondent.

Reversed and remanded.